## WHITE v. STELLWAGON.

LANDLORD AND TENANT.—*Action for Possession.*—*Damages.*—In an action by a landlord against his tenant to recover the possession of the leased premises and damages for the unlawful detention thereof, sec. 11 of the act of May 13th, 1852, 2 R. S. 1876, p. 662, authorizes the assessment of damages for such detention until the time of such trial, and there is no error simply in the assessment of greater damages than the amount claimed in the complaint in such case.

PRACTICE.—*Supreme Court.*—*Amendment.*—Where an amendment might have been allowed in the court below upon motion, on appeal to the supreme court such amendment will be deemed as made.

From the Marion Circuit Court.

*W. P. Adkinson* and — *Johnston*, for appellant.

*W. W. Woollen, Jr.*, for appellee.

BIDDLE, J.—Suit by appellee, a landlord, against the appellant, his tenant, to recover possession of real estate for the non-payment of rent, and damages for the detention. The action was commenced before a justice of the peace. Judgment for possession and twenty dollars damages. Appeal to the civil circuit court. Judgment therein for possession and seventy dollars damages. Appeal to this court because, as the appellant alleges in his motion for a new trial:

First. The judgment is contrary to the evidence.

Second. The judgment is not supported by the evidence.

Third. The judgment is contrary to law.

Fourth. The damages are excessive.

Fifth. The damages are greater than the amount claimed in the complaint.

Sixth. There is error in the amount of damages assessed.

We have carefully examined all of these assigned causes, several of which mean the same thing, and can not discover that any of them exist in the case. There is some conflict in the evidence, but the preponderance is with the finding. The appellant vigorously urges the point that the complaint claims but twenty dollars damages, while the finding is for seventy dollars, and, to convince us that this is error, cites *Roberts* v. *Muir*, 7 Ind. 544, and *May* v. *The State Bank*, 9 Ind. 233.

He was not aware, doubtless, that these cases, as to that point, have been modified, if not indeed overruled, in the case of *Webb* v. *Thompson*, 23 Ind. 428, and subsequent cases. Besides, the statute, in a case like this, expressly authorizes the damages for the detention of the premises to "be estimated up to the time of each trial." 2 R. S. 1876, p. 662, sec. 11.

As to the damages, the court would have allowed an amendment to the complaint, if it had been necessary, on motion of the appellee, which, not having been made below, may be considered as made here.

The judgment is affirmed, with costs and ten per cent. damages.