THE NEW ALBANY AND VINCENNES PLANK ROAD COMPANY *v.* STALLCUP.

EVIDENCE.—*Admissions by the  Pleadings.—Judgment.—Tender.— Verdict.— Evidence.*—Where, in an action to recover a money judgment, the answer

of the defendant admits the right of the plaintiff to judgment for any sum, the defendant can not give evidence contradicting the admission of his answer, nor can the plaintiff introduce the answer in evidence ; and it is the duty of the court, regardless of an adverse verdict, to render judgment for the plaintiff for that sum, without evidence.

SUPREME COURT.— *Weight of Evidence.*—Where there is evidence tending to support the verdict of a jury, the Supreme Court, on appeal, will not set aside the verdict on the mere weight of evidence.

From the Washington Circuit Court.

*M. C. Kerr, W. J. Hisey, W. Farrell, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

NIBLACK, J.—This was a suit by the New Albany and Vincennes Plank Road Company, against Henry Stallcup, for balances of toll claimed to be due for passing over a portion of the plaintiff's road in Orange county, on six different occasions, going and returning with a wagon and two horses, alleging that the defendant each time fraudulently misrepresented the distance he had travelled over said road, and for penalties under the statute for fraudulently evading the payment of full toll at such six different times. 1 R. S. 1876, p. 660, sec. 17; Local Laws 1850, 1851, p. 201, sec. 10.

The suit was commenced before a justice of the peace. The defendant answered, admitting that he was indebted to the plaintiff in the sum of one dollar and fifty five cents, but alleging that, long before the commencement of this suit, to wit, on the 30th day of November, 1872, he tendered to Jacob Cassell, the plaintiff's agent and toll-gatherer at the proper toll-gate near Paoli, Indiana, the amount due the plaintiff, to wit, one dollar and fifty-five cents, and paying into court for the plaintiff said sum of one dollar and fifty-five cents, to keep such tender good, with a demand for judgment and his costs.

The plaintiff replied in denial of the answer.

The defendant had judgment before the justice, and the

plaintiff appealed to the Orange Circuit Court, from which a change of venue was taken to the court below.

Upon a trial by the court, without a jury, the defendant again had judgment upon a finding in his favor.

The only error assigned here is upon the overruling of the plaintiff's motion for a new trial.

On the trial the plaintiff asked leave to read the defendant's answer in evidence as an admission of indebtedness to the plaintiff by the defendant, but the court refused to permit the answer to be so read in evidence, and that was assigned as one of the causes for a new trial.

The pleadings in a cause are before the court and constitute a part of its proceedings without being introduced in evidence. Admissions made in a pleading are denominated solemn admissions, or admissions *in judicio*, and are not required to be supported by evidence. Such admissions are taken as true against the party making them without further controversy. 1 Greenleaf Evidence, secs. 27, 205.

In fact, admissions in the pleadings can not be either proved or disproved on the trial, but must be accepted for whatever they amount to in legal effect, without reference to any other evidence that may be adduced. 1 Phillipps Evidence, 4th Am. ed., p. 795.

This doctrine is, in general terms, fully recognized by our code.

In 2 R. S. 1876, p. 186, sec. 372, it is provided, that, "Where upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

As the defendant's answer was already before the court as a portion of the pleadings in the cause, it necessarily follows that no error was committed in the refusal of the court to permit such answer to be formally read in evidence.

Another cause assigned for a new trial was, that the finding was against the evidence, and hence not sustained by sufficient evidence.

The evidence was quite conflicting, but, as to all the material matters in controversy between the parties, there was evidence tending to sustain the finding. In this condition of the evidence, we can not hold that the court erred in finding as it did.

No rule of practice is better settled, than that it is not the province of this court to judge of the mere weight of the evidence.

The judgment is affirmed, at the costs of the appellant.