THE CITY OF DECATUR *v.* THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY ET AL.

[No. 17,896.   Filed January 14, 1897.]

PRACTICE.—*Answer.— Demurrer.— Harmless Error.*—An erroneous ruling in sustaining an answer against a demurrer is harmless error if the judgment upon the merits is in favor of the plaintiff upon the issue tendered by such answer.

PLEADING.— *Municipal Corporation.— Condemnation of Land for Street Purposes.—Answer.—Statute Construed.*—Under section 3643 Burns' R. S. 1894 (R. S. 1881, 3180), providing for appeals from proceedings for the condemnation by cities of lands for street purposes, an answer by appellant objecting to the amount of damages assessed as being too small, and demanding an increased amount of damages will be sufficient as against a demurrer.

APPEAL.— *Longhand Manuscript of Evidence.—When Filed.*—The longhand manuscript of the evidence must be filed with the clerk of the trial court before it is made part of the record.

SAME.—*Where Judgment is in Excess of Demand.—Presumption on Appeal.*—Where the amount of the judgment rendered is in excess of the demand in the pleadings, the question will be treated on appeal as if the pleading had been amended to conform to the proof.

From the Adams Circuit Court.  *Affirmed.*

*Mann & Beatty,* for appellant

*Zollars & Worden,* for appellees.

HACKNEY, J.—The appellees, The Grand Rapids & Indiana Railroad Company and The Cincinnati, Rich-

mond & Ft. Wayne Railroad Company, appealed to the lower court from an assessment of $500.00 damages, by the authorities of the appellant, occasioned by the extension of Madison street in said city across the yards and right-of-way of the latter company, whose line was operated by the former. In the lower court a trial resulted in a finding and judgment in favor of the appellees for $5,100.00, and from that judgment said city prosecutes this appeal.

The action of the circuit court in overruling the appellant's demurrers to the first, second, and fourth answers of the appellees, and in overruling a motion by the appellant for a new trial are assigned as error.

The first answer described the land, alleged its ownership by the appellees, and that damages had been assessed in the sum of $500.00, when in fact said land and the appellees would be damaged in the sum of $5,000.00. The second answer pleaded the occupancy, by the appellees, of the land in question for twenty-five years, the construction thereon of one main line and three side tracks and switches and the building of a structure from which to load and unload freight, all occupying the land to be crossed by said street.

The fourth answer alleged the vacation, by the city, of said street, at the point of crossing, to induce the location of the railway and the establishment of said yards; that the road and yards were located at the point in question by reason of the vacation of the street; that no necessity existed for the extension of the street, but that it was urged for the advancement of the values of private property, and that the damage which would accrue to the companies could not be adequately compensated.

The second and fourth answers were drawn upon the theory that the appellant should be barred of any

right to condemn the land or to enforce an easement across it for street purposes. The finding and judgment of the court were in favor of the appellant as to the opening of the street, and the correctness of that holding is in no manner involved in this appeal. As to the appellees, in addition to the appropriation of the way, it was adjudged that they "have and recover of and from the plaintiff the sum of $5,100.00, as hereinafter provided, as damages for and on account of the loss of storage room for cars on the strip of ground hereinbefore described, in the sum of $5,000.00, and on account of the destruction of one loading dock, in the sum of $100.00, and the aggregate sum of $5,-100.00."

If the rulings upon said two answers were erroneous we are unable to observe any harm resulting to the appellant therefrom. It is the settled practice that an erroneous ruling in sustaining an answer against a demurrer will not constitute reversible error if the judgment upon the merits is in favor of the plaintiff upon the issue tendered by such answer. *McComas* v. *Haas*, 93 Ind. 276; *State, etc.,* v. *Julian*, 93 Ind. 292; *Foster* v. *Bringham*, 99 Ind. 505; *Butt* v. *Butt*, 118 Ind. 31; *Indianapolis, etc., R. W. Co.* v. *Center Tp.*, 143 Ind. 63; *Miller* v. *McDonald*, 139 Ind. 465; *Miller* v. *Rapp*, 135 Ind. 614; *Evansville, etc., R. R. Co.* v. *Maddux*, 134 Ind. 571.

As to the first paragraph of answer, it is insisted that, under section 3643, Burns' R. S. 1894 (R. S. 1881, 3180), the appellees were required to "state specifically the grounds" of their "objection to the proceedings of the common council and commissioners;" and that as this was a special proceeding, where the ordinary rules of practice do not obtain, a general claim for damages was insufficient.

The statute referred to further provides that "The

City of Decatur v. Grand Rapids, etc., Railroad Company et al.

transcript of the proceedings of the common council and commissioners shall be considered as the complaint; and the written statement, to be filed by the appellant as aforesaid, shall be in the nature of an answer or demurrer. Issues of law and of fact may be formed, tried and determined as in other actions at law." The latter provision determines very clearly that an answer sufficient to present an issue in other actions at law would be sufficient in proceedings of this character, unless it may be said that under the former provision any answer objecting to the damages assessed must be so specific as to point out the particular injuries sustained and the elements of damages claimed. We do not think that this provision of the statute makes such requirement. In the appeal to the circuit court "the regularity of the proceedings of the commissioners, and the questions as to the amount of benefits or damages assessed may be tried," and the answer shall "state specifically the grounds of * * * objection." Perhaps an answer generally objecting to the condemnation and to the damages assessed would not comply with the statute, but when it is answered that the appellant is dissatisfied with the damages assessed and demands an increased amount of damages it will be sufficient as against a demurrer. Such pleading must be considered in the light of the complaint, the character of the demand, the uses to be made of the property, and the uses to which it is already subjected. When so considered, the general allegation of injury, or loss of property and the damage, will be sufficient to withstand a demurrer. If a more specific answer is desired it should be sought by the usual means of a motion to make more specific.

Appellees object to a consideration of any question depending upon the evidence, and insist that the evidence is not properly in the record.

The original longhand manuscript of the evidence is embodied in the transcript, and its filing, prior to its incorporation in the bill of exceptions, is questioned. By order-book entry it appears that judgment was rendered January 18, 1896, on the same day a motion for a new trial was overruled, and a bill of exceptions upon that ruling was filed, the longhand manuscript was filed and a bill of exceptions containing said manuscript was filed. That part of the entry disclosing such filings is as follows: "Which said bill of exceptions are [is] here now, in open court, signed, sealed, filed and made a part of the record in this cause. Also the plaintiff files the longhand manuscript of the evidence taken in this cause by the official reporter. * * Plaintiff also tenders her bill of exceptions, number three, containing the original longhand manuscript of the evidence taken in this cause, in these words," then follows a bill of exceptions, reciting a trial on the 22d day of February, 1895, in a cause entitled in the name of this appellant against one of these appellees, and not signed until the 18th day of February, 1896. Following the bill said order-book entry of January 18, 1896, concludes as follows: "Which said bill of exceptions are [is] here in open court signed, sealed, filed and made a part of the record in this case." A previous order-book entry showed that the trial in this cause had taken place, and the finding was entered on the 4th day of November, 1895.

Passing this confusion of dates, which probably shows that the filing of the bill containing the evidence was thirty days before the bill was signed, as it disclosed upon its face, and accepting the only theory open to the appellant, that the filing of the bill was on the 18th day of February, instead of the 18th day of January, as the order-book states by mistake,

then the filing of the bill and the longhand manuscript appear to have been concurrent acts, and it does not appear, as required by the statute, Burns' R. S. 1894, section 1476, that the manuscript was filed before it was incorporated in the bill. See *DeHart* v. *Board, etc.*, 143 Ind. 363; *Joseph* v. *Wild, ante*, 249, and cases there cited.

These cases hold that, where the question is made, it must affirmatively appear from the record that the longhand manuscript was filed before it was filed as a part of the bill of exceptions. In the present case, no file mark or certificate is given aiding the contention that the manuscript was filed prior to the filing of the bill.

Two of the causes assigned for a new trial were: "3. The damages assessed by the court are excessive. 4. The assessment of the amount of recovery is erroneous, being too large."

If the first of these causes raises any question in this case, which may well be doubted, *White* v. *McGrew*, 129 Ind. 83, it must depend upon the evidence, which, as we have seen, is not in the record.

Of the second of said causes, it is simply said that the recovery, $5,100.00, was $100.00 in excess of the demand made in the answer. In such case this court will treat the question as if the pleading had been amended to meet the amount of damages proven and found in favor of the appellee. *McKinney* v. *State, ex rel.*, 117 Ind. 26; *White* v. *Stellwagon*, 54 Ind. 186; *Webb* v. *Thompson*, 23 Ind. 428; *Kettry* v. *Thumma*, 9 Ind. App. 498.

The record presenting no available error the judgment is affirmed.