## NOYES CARRIAGE COMPANY v. ROBBINS.

[No. 4,402.    Filed June 17, 1903.]

PLEADING.—*Verdict in Excess of Demand.—Presumption on Appeal.*— Where the verdict returned was for an amount in excess of that demanded in the complaint, and there was evidence sustaining the verdict, the demand made in the pleading will be deemed, on appeal, to have been amended to meet the amount of damages proved and found in favor of the plaintiff. *pp. 300, 301.*

SAME.—*Verdict in Excess of Demand.—New Trial.*—That the verdict is for an amount in excess of the demand in the complaint can not be presented by motion for new trial, where the facts stated and the evidence entitle the plaintiff to recover the amount found. *p. 301.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by Ollie B. Robbins against the Noyes Carriage Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. S. Dodge* and *J. S. Dodge, Jr.,* for appellant.
*H. C. Dodge,* for appellee.

ROBINSON, C. J.—Appellee's complaint avers that the "defendant is indebted to him in the sum of $238.91 for work and labor done and performed by plaintiff for said defendant under a special agreement to and with said defendant, a bill of particulars of which work and labor done is filed herewith, made a part hereof, and marked exhibit A," and that the same is due and unpaid. Appellee asked judgment for $238.91 and "all other proper relief." The complaint was filed May 31, 1901, and on January 13, 1902, a jury gave appellee a verdict for $258.08.

The complaint is questioned by an assignment of error. The exhibit filed with the complaint is simply a memorandum of a certain number of hours' work. It does not state for whom the work was done, what the wages per hour were, or that anything is due appellee from anyone. It furnishes no aid whatever in construing the complaint.

But we think the complaint, when questioned first on appeal, is sufficient to show that appellant is indebted to appellee in a certain sum, which appellant agreed to pay appellee for work and labor. The complaint does not necessarily count on a special contract, requiring that appellee should show that there had been a compliance with the contract on his part. The complaint avers that the amount due appellee is $238.91, and asks judgment for that amount. The jury returned a verdict for $258.08.

There is evidence in the record to authorize the jury to find that appellant was indebted to appellee, for work and labor, a certain sum, which, with interest to the date of the verdict, is the amount allowed by them. It has been held that in such a case the demand made in the pleading will be deemed to have been amended to meet the amount of damages proved and found in favor of the appellee. *City of Decatur* v. *Grand Rapids, etc., R. Co.,* 146 Ind. 577; *Kettry* v. *Thumma,* 9 Ind. App. 498; *White* v. *Stellwagon,* 54 Ind. 186; *Webb* v. *Thompson,* 23 Ind. 428. In the case at bar this question is sought to be raised as a cause for a new trial, and it has been held that the mere fact that the verdict is for an amount in excess of that asked in the complaint can not be assigned as a cause for a new trial, in any form, in case the facts stated and the evidence entitle the party to recover the amount found. *McKinney* v. *State, ex rel.,* 117 Ind. 26.

Appellant's counsel argue that the verdict is not sustained by sufficient evidence. The evidence is conflicting, but as there is evidence to authorize the verdict returned we can not disturb the conclusion reached by the jury.

Judgment affirmed.