GATES *v.* WEYENBERG ET AL.

[No. 8,770.   Filed November 23, 1915.

1. APPEAL.—*Perfection of Appeal.—Filing Transcript.*—An attempted term time appeal is not perfected as such where the transcript is not filed in the court on appeal within the time allowed by §679 Burns 1914, §638 R. S. 1881.   p. 243.

2. APPEAL.—*Imperfect Term Time Appeal.—Vacation Appeal.—Parties.*—An attempted term time appeal, not perfected as such, could not be treated as a vacation appeal where there was no judgment below in favor of one of the parties named as an appellee.   p. 244.

From Superior Court of Marion County (88,120); *Joseph Collier*, Judge.

Action by Seth E. Gates against Peter C. Weyenberg and another. From the judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*Fitzpatrick & Fitzpatrick*, for appellant.
*Taylor & Huls* and *B. F. Watson*, for appellee.

HOTTEL, J.—Appellant brought this action against appellees to recover on three promissory notes executed by appellee Weyenberg and made payable to appellee Elliott, who had assigned said notes to appellant. The pleadings on which the case proceeded to trial consisted of an amended complaint in three paragraphs based respectively on the notes sued on, an answer in general denial, a cross-com-

plaint filed by appellee Weyenberg alleging fraud on the part of his coappellee and knowledge of such fraud on the part of appellant, an answer in denial to such cross-complaint by both Elliott and appellant, an affirmative answer of estoppel to such cross-complaint by appellant, and appellee Weyenberg's reply in denial to the affirmative answer to his cross-complaint. On the issues thus tendered there was a trial by the court and a general finding in substance as follows: That the notes in question were procured by fraud practiced upon the defendant Weyenberg by defendant Elliott and that the plaintiff should hold the notes subject to said defense, and that plaintiff should not recover thereon against Weyenberg; that plaintiff is entitled to recover on the notes and endorsement thereof as against Elliott; that the allegations of the counterclaim of defendant Weyenberg are true, and that he is entitled to have said notes as against him cancelled, but that he is not entitled to judgment for damages as against Elliott. In conformity with such finding the court rendered judgment in favor of appellant against appellee Elliott and ordered and decreed that appellant take nothing by this action against appellee Weyenberg and that said notes as against Weyenberg, "be and the same are hereby cancelled and declared void, and that defendant Weyenberg recover his costs", etc., from "plaintiff and defendant Elliott".

This finding and judgment was rendered May 5, 1913. On May 27, 1913, appellant filed a motion for new trial. On July 5, 1913, and while the motion for new trial was still pending and not ruled on the court of its own motion directed the appellee Weyenberg to file an answer to appellant's amended complaint (we quote) "so as to reform the issues to conform to the proof adduced at the trial". Pursu-

ant to this order appellee Weyenberg filed an answer containing substantially the same averments set up in his cross-complaint.   Appellant objected to the action of the court in ordering the filing of such answer and objected to the filing thereof and saved exceptions to each ruling of the court in respect thereto.   Appellant then filed a demurrer to said answer which was overruled.   He then filed a reply in four paragraphs, the first of which is a general denial.   The trial court then refused appellant's request that it hear further evidence and overruled the motion for new trial.   The said several rulings of the trial court are assigned as error in this court and are relied on for reversal.

It is contended by appellee Weyenberg that appellant's brief fails to set out enough of the record to present any of said rulings.   We think such briefs are sufficient, under the rules of the court to present what appellant evidently regards as the controlling question in the case, viz., the ruling of the court in directing and permitting appellee, Weyenberg, to file said second paragraph of answer after appellant had filed his motion for new trial.

We are of the opinion if we were required to determine this question that the later decisions of the Supreme Court and this court construing §§403, 405 Burns 1914, §§394, 396 R. S. 1881, relative to amendments would require us to determine it against appellant's contention. *Raymond* v. *Wathen* (1895), 142 Ind. 367, 372, 373, 41 N. E. 815; *Laramore* v. *Blumenthal* (1915), 58 Ind. App. 597, 108 N. E. 602, and cases cited; *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E. 903.

However, as the record comes to us we are prevented from considering the appeal on its merits. The motion for new trial was overruled July 5, 1913,

at which time appellant was given 120 days in which to file his bill of exceptions and 60 days in which to file his appeal bond. The appeal bond with the surety before named and approved by the court was filed in time, viz., on August 9, 1913. The transcript of the record, however, was not filed in this court until October 15, 1913, more than 60 days after the filing of such bond and hence beyond the time allowed by §679 Burns 1914, §638 R. S. 1881, for perfecting a term time appeal. *Schultze* v. *Maley* (1914), 56 Ind. App. 586, 590, 105 N. E. 942, and cases cited. *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 312, 92 N. E. 57; *Cincinnati, etc., R. Co.* v. *Acrea* (1907), 40 Ind. App. 150, 156, 81 N. E. 213.

We must, therefore, determine whether the appeal is sufficient as a vacation appeal under §674 Burns 1914, Acts 1899 p. 5. It will be observed that Francis M. Elliott is made an appellee. It will also be observed that there is no judgment below in his favor. On the contrary there is a judgment against him both on the complaint and cross-complaint. He is not, therefore, a proper appellee, but should have been made an appellant, and for this reason the appeal must be dismissed. *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 145, and cases there cited; *Mascari* v. *Hert* (1913), 52 Ind. App. 345, 347, 100 N. E. 781, and cases cited; *Souers* v. *Walter* (1912), 178 Ind. 599, 603, 99 N. E. 1002, and cases cited. The appeal is, therefore, dismissed.

NOTE.—Reported in 110 N. E. 227. See, also, under (1) 3 C. J. 1064; 2 Cyc 805; 3 Cyc 117.