PORTLAND FOUNDRY AND MACHINE COMPANY v. GIBSON.

[No. 22,928. Filed January 27, 1916.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Motion to Strike Out.*—The overruling of a motion to strike out certain allegations of the complaint with reference to the recovery of penalties and attorney's fees under a statute not applicable to the action, was harmless and formed no exception to the rule that a judgment will not be reversed for refusal of the court to strike out parts of a complaint, especially in view of the instructions to the jury and the fact that there was no evidence on such issue. p. 344.

2. APPEAL.—*Review.*—*Harmless Error.*—Alleged error in overruling a motion to make a certain paragraph of complaint more specific, and in overruling a demurrer thereto, will be disregarded where it appears that the verdict was based on another paragraph. p. 345.

3. APPEAL.—*Review.*—*Harmless Error.*—*Striking Out Interrogatories to Party.*—The action of the trial court in striking out certain interrogatories submitted to plaintiff, which sought to elicit general conclusions, and then specific facts, and which were to some extent covered by other interrogatories submitted and answered, was not reversible error in view of the subsequent amendment of the complaint so as to cover the subject-matter inquired about. p. 345.

4. PLEADING.—*Complaint.*—*Amendment After Verdict.*—The trial court may use its discretion in granting or refusing leave to amend pleadings, and its action will not be disturbed in the absence of a clear showing that such discretion was abused, and such showing is not made by the mere fact that leave to amend a complaint was granted after verdict and while a motion for new trial was pending. p. 345.

5. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—Where the record contains evidence which reasonably tends to support each of the issues on which the winning party had the burden of proof, the verdict of the jury determines the weight and value thereof and is conclusive. p. 346.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by Jacob M. Gibson against the Portland Foundry and Machine Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Frank B. Jaqua* and *Charles E. Schwartz,* for appellant.

*Roscoe D. Wheat,* for appellee.

SPENCER, J.—This action is for the recovery of salary alleged to be due under a certain written contract by which appellee agreed to become and act as superintendent of the plant of appellant at Portland. That clause of the contract which gives rise to this controversy is as follows:

"As a guarantee of the faithful performance of contract the party of the second part (*appellee*) promises to deposit in the First National Bank, of Portland, Indiana, the sum of ($50.00) Fifty Dollars each month for a period of six (6) months, beginning August 1, 1910, and

344        SUPREME COURT OF INDIANA,

Portland, etc., Mach. Co. *v.* Gibson—184 Ind. 342.

the same to be left on demand in this bank, provided the party of the second part willfully violates this contract by leaving the employment of this company (*appellant*) without permission being granted by the board of directors."

Appellee began work as superintendent on June 1, 1910, and continued as such superintendent until February 16, 1911. Subsequent to the execution of said contract, however, the quoted part thereof was modified by parol in that the $50 each month was to be retained by the company and credited to appellee on the books of such company. It is on this parol change in the contract that this controversy turns. Appellant contends that under this parol change the amount of $300 was to be retained by it during the entire life of the contract of employment—two years—and if, at any stage thereof, appellee quit said employment without cause, the amount was to be forfeited and to be retained by appellant as liquidated damages for the breach of the contract. Appellee insists, however, that $50 of his salary was to be left with appellant for each of the first six months of his employment or until the sum of $300 was so credited to him, when he should be entitled to draw the same; that on the last pay day in January, 1911, appellant had thus retained of appellee's salary the sum of $300. There was a conflict in the evidence on this point. The complaint was in three paragraphs. Answer in denial, plea of payment and set-off. Reply to affirmative answers in denial. Trial by jury, verdict for appellee in the sum of $300 and judgment accordingly.

The alleged errors presented by the assignment that the court erred in overruling appellant's
1. motion for a new trial are numerous, but for the purposes of this opinion they may properly

NOVEMBER TERM, 1915. 345

Portland, etc., Mach. Co. *v.* Gibson—184 Ind. 342.

be grouped under general heads. In the first instance it is insisted that the court erred in overruling the motion to strike out certain allegations in the first and third paragraphs of complaint which had reference to the recovery of penalties and attorneys' fees under a statute not applicable to this action. But as there was no evidence submitted to the jury on these issues and the jury was specifically instructed with reference thereto, it is clear that the ruling on the motion to strike out was harmless to appellant and serves to create no exception to the general rule that a judgment will not be reversed on account of the refusal of the trial court to strike out parts of a complaint. *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 54, 99 N. E. 734; *Porter* v. *Choen* (1878), 60 Ind. 338, 343; *Pittsburgh, etc., R. Co.* v. *Beck* (1899), 152 Ind. 421, 424, 53 N. E. 439. The alleged errors in overruling appellant's motion to make the third paragraph

2. of complaint more specific and its demurrer thereto for want of sufficient facts, need not receive particular consideration since it appears that the verdict of the jury was based on the first paragraph of complaint.

Certain interrogatories submitted to appellee by appellant were stricken out on motion and this action is alleged as error. The interrogatories

3. in question sought to elicit general conclusions, and then specific facts, and were, to some extent, covered by other interrogatories submitted and answered. While we do not fully approve the striking out of said interrogatories, yet where it appears, as in this case, that the complaint was thereafter so amended by leave of court as to cover the subject-matter inquired about, we

4. are loath to say that reversible error was committed. In this connection it is insisted that

346 SUPREME COURT OF INDIANA,

Portland, etc., Mach. Co. v. Gibson—184 Ind. 342.

the court erred in permitting the amendment of appellee's complaint after the verdict of the jury had been returned and while appellant's motion for a new trial was pending. It is well settled that the trial court may use its discretion in granting or refusing permission to amend the pleadings, and unless there is clearly shown an abuse of such discretion by which the complaining party has been harmed, this court will not interfere. *Lake Erie, etc., R. Co.* v. *Huffman* (1912), 177 Ind. 126, 140, 97 N. E. 434, Ann. Cas. 1914 C 1272, and cases cited; *Judd* v. *Small* (1886), 107 Ind. 398, 8 N. E. 284; *Hillyard* v. *Robbins* (1913), 53 Ind. App. 107, 110, 101 N. E. 341. No such showing is made in the case at bar.

Finally, the contention is made that the verdict of the jury is not sustained by the evidence. It may readily be understood how a party may, in good faith, believe that testimony given by his adversary on a particular issue involved has no probative force, but where, as in this case, it is apparent that the record contains evidence which reasonably tends to support each of the issues on which the winning party had the burden of proof, the verdict of the jury determines the weight and value of that evidence and its decision thereon is not subject to review on appeal. As the record in this cause comes to us it appears that the issues involved were well and fairly tried, and that substantial justice is done. In the absence, therefore, of an affirmative showing of reversible error, the judgment of the trial court must be, and is, affirmed.

NOTE.—Reported in 111 N. E. 184. See, also, under (1, 2) 31 Cyc 670; (4) 31 Cyc 368, 403; (5) 3 Cyc 348.