ARNOTT ET AL. *v.* McCLINOCK-TURNKEY COMPANY.

[No. 10,615.   Filed April 6, 1921.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Demurrer to Answer.*—It was not reversible error to sustain a demurrer to one paragraph of answer where all the material facts alleged therein were provable under another paragraph, which on demurrer was held good.  p. 308.

2. BILLS AND NOTES.—*Promissory Note.*—*Demand.*—Where a note is payable generally, at no particular place, on demand, no demand is necessary before commencing suit thereon, the commencing of suit being a sufficient demand.  p. 309.

3. APPEAL.—*Review.*—*Complaint.*—*Amendments Deemed Made.*—*Judgment in Excess of Demand.*—Where, in an action on a note, the judgment for attorney's fees corresponds with the undisputed evidence as to the value of such fees, but is in excess of the demand in the complaint, the complaint will be deemed amended after verdict to correspond with the proof. p. 309.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by the McClinock-Turnkey Company against Arthur E. Arnott and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*George A. Williams* and *D. Delos Dean,* for appellants.

*James H. Chapman* and *Moses Leopold,* for appellee.

McMAHAN, J.—Action on a promissory note, payable generally on demand.   Answer in two paragraphs.   A demurrer was sustained to one paragraph and overruled as to the other.

The contention of appellant that the court erred in sustaining a demurrer to one of the paragraphs of answer cannot prevail, since all the material facts therein alleged were provable under the other paragraph, which on demurrer had been held good.

The fact that no demand was proved does not render the decision contrary to law, nor authorize the granting of a new trial because of insufficient evidence.

2.  Where a note is payable generally, at no particular place, on demand, no demand is necessary before commencing suit thereon. The commencement of suit is a sufficient demand. *Kraft* v. *Thomas* (1890), 123 Ind. 513, 24 N. E. 346, 18 Am. St. 345.

Where the judgment for attorney's fees corresponds with the undisputed evidence as to the value of such fees, a new trial will not be awarded on the

3.  ground that the amount of recovery is greater than the value of such fees, as alleged in the complaint. Under such circumstances the complaint, after verdict, will be deemed to have been amended to correspond with the evidence. *City of Decatur* v. *Grand Rapids R. Co.* (1897), 146 Ind. 577, 45 N. E. 793.

Judgment affirmed.