HALEY v. WILSON.

[No. 14,340. Filed May 18, 1932.]

*J. W. Haley* and *F. T. Boyden,* for appellant.
*Claycombe & Stump,* for appellee.

CURTIS, J.—This was an action brought by the appellant against the appellee to recover for the value of legal services alleged to have been rendered by the appellant to the appellee as guardian of Kenneth P. Wilson, a minor. The complaint was in one paragraph, to which was attached as an exhibit a detailed statement

of the items for which recovery was sought. There were four paragraphs of answer filed, the first of which was a general denial, the second a plea of payment, the third a plea of former adjudication and the fourth an answer based upon laches. This last paragraph of answer was filed after all the evidence had been heard and over the objection and exception of appellant. To the third paragraph of answer, the appellant filed a demurrer, which was overruled and an exception taken. The appellant then filed a reply in general denial to the second and third paragraphs of answer.

The cause was submitted to the court for trial without a jury. After all of the evidence had been heard, the court, as previously stated, permitted the appellee, over the objection of the appellant, to file the fourth paragraph of answer. The appellant moved to strike from the files the said fourth paragraph of answer. This motion was overruled, whereupon the appellant also moved to set aside the submission, which motion was also overruled. There was a general finding for the appellee, upon which the court rendered judgment. A motion for a new trial was seasonably filed and overruled and this appeal prayed and perfected.

The errors assigned and relied upon for reversal that require consideration are: (1) Error in overruling the appellant's motion for a new trial which states, as causes, that the decision of the court is not sustained by sufficient evidence and is contrary to law, and also predicates error in the admission of certain evidence; (2) alleged error of the court: In overruling the appellant's motion to strike from the files the appellee's fourth paragraph of answer; in not granting time for the appellant to prepare and file a demurrer to said paragraph of answer; in not granting a continuance to the appellant to enable him to prepare for the defense of the alleged new cause of defense set up in said fourth

paragraph of answer; and in not setting aside the submission of the cause after said fourth paragraph of answer was filed. These alleged errors will be considered together. (3) Alleged error of the court in overruling the appellant's demurrer to the appellee's third paragraph of answer.

The said third paragraph of answer is as follows: "For third and additional paragraph of answer the defendant alleges that before the commencement of this action plaintiff filed his action in the Marion Superior Court, being Cause No. A-45287, wherein he sued on account against this defendant for the sum of $600.00 and filed therewith his bill of particulars; that on said complaint issues were drawn, trial was had, and on the 17th day of December 1928, court rendered judgment against this defendant in the sum of $300.00; that on the 29th day of January 1929, said judgment was fully paid and satisfied and the proceeds thereof received by said Haley, the plaintiff herein. That all of the items sued on in this cause of action were a part of and included in the account sued on in said cause of action in the Marion Superior Court and were fully determined and adjudicated in said proceedings. Wherefore, defendant asks that plaintiff take nothing by his complaint." The demurrer was for want of sufficient facts. In our opinion, the facts, which are set out in the paragraph of answer in question, if true, would constitute a good cause of defense and there was no error in overruling the demurrer addressed thereto. The principles of *res judicata* can ordinarily be invoked where there has been a suit, a final judgment, identity of subject-matter and identity of parties. Tested by the above rule, the paragraph of answer in question appears upon its face to be sufficient. *Jones* v. *Vert* (1889), 121 Ind. 140, 22 N. E. 882, 16 Am. St. 379; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754.

The fourth paragraph of answer is as follows: "For fourth and additional paragraph of answer the defendant admits that the plaintiff was employed by this defendant to render to him and others certain professional services in connection with the guardianship of Kenneth Wilson and that certain services were rendered in connection therewith, but defendant further alleges that all of said services were connected with services rendered at the same time in connection with the estate of one Canzada E. Faller, deceased; that plaintiff was employed on behalf of this defendant and also on behalf of his sister, Helen Wilson Howard, and his brother, Kenneth Wilson; that shorty after plaintiff was engaged his services were found to be unsatisfactory and they were terminated on the — day of April 1926, and plaintiff was then requested by the defendant to render his separate bill covering his services rendered on account of said estate and on account of said guardianship matter. That plaintiff failed and neglected to render any statement on account of his services in said guardianship and the subject-matter of this cause of action until long after said guardianship had been closed, this defendant discharged as guardian and the situation of the parties changed to the extent where it was no longer possible for this defendant to recoup himself for said services from said other parties or to make claim for such services in said guardianship matter then pending in the Elkhart Circuit Court. That no claim was made against this defendant on said account until shortly before suit thereon was filed in the Marion Circuit Court on the 10th day of June 1929; that prior to said time defendant had no knowledge from the plaintiff that he intended to make any claim against this defendant on said account.

"That this plaintiff neglected to bring or file his claim against this defendant at a time when this defendant

could have recouped himself for the same in said guardianship or from said other parties; that said delay resulted in a material alteration of the status of the parties to this defendant's disadvantage. That this plaintiff was in full knowledge of all of the facts herein alleged and neglected and failed to file any claim on account of any guardianship services within a reasonable time in which the rights of this defendant might not have been prejudiced. Wherefore defendant asks that the plaintiff take nothing by his complaint."

This paragraph of answer was filed to make the pleadings conform to the evidence and no new evidence was introduced in support thereof. We believe, under the circumstances, no error was committed in permitting it to be filed. There was competent evidence unobjected to tending to sustain each allegation of the paragraph. Section 423 Burns 1926 provides, among other things: "After trial and before final judgment, the court may, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect, or by inserting, striking out or modifying any material allegation in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial rights," etc. The rule is well established in Indiana that the trial court may use its discretion in granting or refusing permission to amend pleadings after trial and before final judgment and, unless there is clearly shown an abuse of such discretion, by which the complaining party is harmed and his substantial rights taken from him, this court will not interfere. *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342, 111 N. E. 184; *Raymond* v. *Wathen* (1895), 142 Ind. 367, 41 N. E. 815; *Indianapolis Traction, etc., Co.* v. *Formes*

(1907), 40 Ind. App. 202, 80 N. E. 872; *Gates* v. *Weyenberg* (1915), 60 Ind. App. 241, 110 N. E. 227. We do not see how the appellant was harmed by the action of the trial court in any of the matters complained of in respect to the said fourth paragraph of answer and we believe there was no abuse of the discretion vested in the trial court. This fourth paragraph of answer, in our opinion, states facts, which if true, are sufficient to constitute a cause of defense. It was, therefore, sufficient to withstand a demurrer had one been addressed to it. The record before us does not disclose that the appellant made any request to be allowed to introduce any evidence to controvert the allegations of the paragraph of answer in question. From the very nature of the case, any such evidence must necessarily have been peculiarly within the knowledge of the appellant. There was evidence before the court from which it was reasonable to conclude that the appellant was fully aware of the matters involved in the guardianship and that, for more than three years, no statement was sent by him to the appellee for the value of the services alleged to have been rendered by him, and, in the meantime, the guardianship had been closed and no funds were left available with which to pay the account sued upon. Under such circumstances, the case of *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 43 N. E. 259, seems applicable, wherein the court quotes from *Lindsay Petroleum Co.* v. *Hurd*, L. R. 5, P. C. 221, as follows: " 'Where it would be practically unjust to give a remedy, either because the party has, by his conduct, done that which might fairly be regarded as equivalent to a waiver of it, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy

were afterwards to be asserted, in either of these cases, lapse of time and delay are most material.' "

From our examination of the record, we believe there was no reversible error in the admission of evidence. Some of the evidence was also in conflict, but it is needless to say that this court will not weigh conflicting evidence and substitute its judgment thereon for the judgment of the trial court. It is our opinion that there is ample evidence to sustain the decision of the court and that the decision is not contrary to law. We find no reversible error.

Judgment affirmed.