BEARCREEK TOWNSHIP OF JAY COUNTY ET AL. *v.*
DeHOFF ET AL.

[No. 17,067. Filed June 22, 1943.]

*Roscoe D. Wheat,* of Portland, and *James P. Murphy,* of Fort Wayne, for appellants.

*Frank B. Jaqua,* of Portland, for appellees.

DRAPER, J.—The appellants brought this action against the appellees, alleging the installation in the year 1912 of the Bryant Drain; that each of the appellants were assessed for the construction of said drain and that each of the appellants with the exception of the Town of Bryant have placed upon their properties water-flushed toilets which connect with septic tanks or cesspools which in turn drain into the Bryant Drain; that the appellees have placed an obstruction in the Bryant Drain by reason of which the septic tanks and cesspools no longer function, thus causing the premises of the appellants having septic tanks or cesspools to become insanitary and a danger to the health of the appellants and their families. They pray the court to mandate the appellees to remove the obstruction placed by them in the Bryant Drain, to permanently enjoin the appellees from interfering with the drain and from interfering with proper persons in their efforts to properly maintain it, and for damages. The appellees filed answer in two paragraphs and also filed a pleading which they denominate a cross-complaint in which they allege that the appellants (except the Town of Bryant), and other residents of the Town of Bryant whose names are unknown, are emptying their toilets into said drain, resulting in the casting of sewage, garbage and fecal matter upon the lands of the appellees, thus creating a nuisance, and they pray a permanent injunction against all of the appellants to restrain such actions and for damages. The issues were closed by reply to answer and answer to cross-complaint and the cause was submitted to the court for trial.

The court found for the appellants that the appellee George W. DeHoff had unlawfully obstructed the drain and that the appellants were entitled to have the obstruction removed. The court further found for the appel-

lees upon their cross-complaint that the appellants should be enjoined from unlawfully using the drain and that the appellees were entitled to recover of the appellants damages in the sum of $500.00. The court adjudged that the appellees recover damages in the sum of $500.00 and costs, permanently enjoined appellants from emptying toilets, sanitary equipment, offal, fecal matter or sewage into the drain and permanently enjoined the appellees from interfering with the opening and free flowage of the drain after the appellants shall have complied with that portion of the judgment running against them. Other portions of the judgment are not in controversy and are not set out.

The only errors assigned and not expressly waived are those specifications of the appellants' motion for new trial which assert that the decision of the court is not sustained by sufficient evidence, that it is contrary to law and that the assessment of the amount of recovery is erroneous, being too large.

At the outset the appellees raise questions of procedure which they assert should be decided adversely to the appellants, but consideration of them is not necessary to a decision of this case, and in view of the conclusions reached on the errors assigned by the appellants, which go to the merits of the controversy, this opinion will not be prolonged by a discussion of them.

To dispose of the appellants' contention requires a review of the evidence and a brief statement of the facts. The Bryant Drain is a 20-inch drain-tile drain installed in 1912 under the provisions of the Acts of 1907, ch. 252, p. 508. It is nearly a half-mile in length and starts in the Town of Bryant and travels southwest, then southeast to its terminus in an open ditch called the Parry Ditch. In its course it crosses the property of Bearcreek Township where the township

maintains a school having about 275 pupils and 9 teachers and having water flushed toilets, thence across the property of one Ashcraft, thence through appellees' land to the Parry Ditch which runs through appellees' farm and within forty-five rods of their house. In the summer of 1938 the appellee George W. DeHoff obstructed the drain on his land near the Ashcraft line and threw up an embankment causing the contents of the drain to ooze up to the surface and stand upon part of the Ashcraft farm, and in the spring of 1940 he forbade the county surveyor to remove the obstruction and ordered him off his premises. It further shows that all of the appellants except the Town of Bryant and Edward Bonifas had toilets which, with either a septic tank or cesspool intervening, drained into the Bryant Drain and thence into the Parry Ditch. It further shows that the substance flowing through the Bryant Drain and thence, prior to its obstruction, into the Parry Ditch, had a black and forbidding appearance, was polluted and filthy, drew blowflies, contained suspended material having the appearance of cork and gave off an offensive odor which many of the witnesses had little difficulty in identifying and describing; that the water in the ditch, which had formerly been pure and sweet, had become unfit for consumption by man or beast; that when the wind was in the right direction, or perhaps we should say in the wrong direction, it was necessary to close the doors and windows of appellees' home, and even this was an inadequate defense against these noisome odors which were intensified in hot weather and made some sick to their stomachs; that cattle and poultry drinking the water had become sickened, crops were rendered valueless where the ditch overflowed, and part of the appellees' lands were rendered unfit for pasturage. The State

Board of Health in June, 1939, investigated the condition and found, among other things, that the Town of Bryant was a community of 319 persons, with no municipal water supply or adequate sewage disposal facilities—that the Parry Ditch is dry except during the rainy seasons and that sewage discharging from the Bryant Drain into the Parry Ditch stands in pools and sludge deposits on the bottom and sides of the ditch, and that "this open ditch on Mr. DeHoff's property is being polluted to the detriment of public health and the use of that ditch by Mr. DeHoff for the watering of livestock is injuriously affected and impaired." This condition existed for several years prior to the stoppage of the drain by Mr. DeHoff, which stoppage improved conditions somewhat but in nowise abated them.

The appellants contend that the condition of the drain could have arisen by the use of the ditch by the DeHoff's cattle and that the odors might have emanated from the DeHoff's own outside toilet, but the proximity of the cattle could not have accounted for the character of the material oozing from the drain to the surface of the ground after the obstruction of the drain, and one outside toilet, however neglected, could hardly account for the odors which are described as permeating the entire neighborhood of the DeHoff farm. Moreover, we may not weigh the evidence, nor may we disturb the finding of the trial court when it is based, as here, on substantial evidence supporting all material questions involved.

Section 2-505, Burns' 1933, provides that "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a

nuisance, and the subject of an action." We have not set out all of the evidence, but that detailed should suffice to convince the most skeptical that a nuisance had in fact been created and existed on the DeHoff premises within the meaning of the statute.

The appellants assert that they have a right to connect sanitary toilet facilities with the drain and they cite *Geiger* v. *Town of Churubusco* (1912), 50 Ind. App. 685, 98 N. E. 77, and *Toops* v. *State* (1883), 92 Ind. 13, to sustain that proposition. In the latter case the court said that it might be proper, for drainage purposes, to connect a private drain with a public ditch, but no question of a nuisance was involved. In the former the trial court found that no public or private nuisance existed or would be produced by the contemplated action of the appellees, and there having been evidence to sustain the finding this court refused to disturb it. We find nothing in it which would authorize the use of a surface water drain for the purposes of a sanitary sewer when such use would result in the conditions here shown to exist, whether or not any or all of the parties involved had been assessed for the construction of the drain.

There is no evidence that the appellant Edward Bonifas maintained a toilet which drained into the Bryant Drain and it is contended that the finding against him is therefore not sustained by sufficient evidence. However, his complaint alleges that he did have a toilet which drained into the Bryant Drain. This constituted an admission *in judico*. It was not necessary to support it by evidence for such admission is taken as true against the party making it without further controversy. *The New Albany and Vincennes Plank Road Company* v. *Stallcup* (1878), 62 Ind. 345. See also *Chicago & Erie R. Co.* v. *Patterson*

(1941), 110 Ind. App. 94, 34 N. E. (2d) 960; *Bell et al.*
v. *Pavey* (1893), 7 Ind. App. 19, 33 N. E. 1011.

The surplus waters from the streets and alleys of
the Town of Bryant found their way into this drain
but the town owned no toilets which emptied
into it, and by reason of that fact it is contended
that the finding against the town is not sustained
by sufficient evidence. Aside from any question of non-
feasance, the evidence shows that several of the appel-
lants were given express permission by the town board
to connect their toilets to the drain and in one instance
the trustees of the town put a ditch across a street so
that one of the appellants could tap his sewer outlet
into the drain. A municipal corporation is liable for
maintaining or contributing to the maintenance of a
nuisance to the same extent as is an individual, *City
of New Albany* v. *Slider* (1899), 21 Ind. App. 392, 52
N. E. 626, it may be jointly liable with others for the
maintenance thereof, *City of Valparaiso* v. *Moffitt et al.*
(1895), 12 Ind. App. 250, 39 N. E. 909, and in an
action for that purpose may be compelled to abate it.
*Haag* v. *The Board of Commissioners of Vanderburgh
Co.* (1878), 60 Ind. 511; *Jones* v. *Sewer Imp. Dist. No. 3
of Rogers et al.* (1915), 119 Ark. 166, 177 S. W. 888.

The appellants cite cases to the effect that evidence
which is opposed to physical facts admitted or estab-
lished by the evidence, or which is opposed to
the well-known laws of nature and mathematics
may be disregarded, and they attempt to apply
this rule to the facts in the case at bar in connection
with the operation of septic tanks. In the case of
*Fuher* v. *Westmoreland Coal Co.* (1922), 272 Pa. 14,
116 A. 61, it is said that "While an appellate court
may not be authorized to weigh evidence and pass upon
disputed facts, it should use its judicial knowledge to

bring about justice, and, where undisputed physical facts are clearly shown and it is demonstrated by the law of nature, by mathematics or the like, that a finding is untrue and cannot be true, the appellate court is justified in reversing the trial court." While there is some testimony in the record as to the manner in which septic tanks should function, there is no collision between the laws of nature, mathematics or physics and the testimony of the witnesses in this case.

By their failure to comply or make a good-faith effort to comply with Rule 2-17 (f) of the Rules of the Supreme Court, 1940 Revision, the appellants have waived consideration of any question relative to the amount of the recovery.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 49 N. E. (2d) 391.