### RALPH J. RIMER, INC. *v.* STANZ ET AL.

[No. 18,193. Filed November 5, 1951. Rehearing denied November 30, 1951. Transfer denied February 25, 1952.]

180

*Charles Davis*, of Mishawaka, for appellant.

*Horace B. Clarke, Bruce C. Hammerschmidt* and *Hammerschmidt & Johnson,* all of South Bend, for appellees.

MARTIN, C. J.—This is an appeal from a judgment rendered in an action by the appellees to recover damages to a truck, which damages are alleged to have been caused by a truck owned by the appellant.

The issues were joined on appellant's answer to the appellees' complaint.

The cause was submitted to the court for trial, without a jury, and the court found for appellees on their complaint and rendered judgment for appellees in the sum of $470 and the costs of the action.

The court overruled appellant's motion for a new trial and this appeal followed.

The errors assigned for reversal in this court are: (1) The trial court erred in sustaining appellees' motion to amend, and making appellant a party to this action without notice to it; (2) The court erred in overruling appellant's motion for a new trial.

The grounds of appellant's motion for a new trial are: (1) The trial court erred in sustaining appellees' motion to amend, and making appellant a party to this action without notice to it; (2) The finding of the court is not sustained by sufficient evidence and is contrary to

law; (3) Error in the assessment of the amount of recovery in this, the amount is too large; (4) The court erred in admitting in evidence, over the objection of the defendant, certain evidence given by witness Raymond L. Teeter; (5) The court erred in failing to strike out certain testimony of Raymond L. Teeter. Appellant waived his grounds 4 and 5 of said motion.

On the question of the trial court having erred in sustaining appellees' motion to amend, said motion reads in part as follows:

"Come now the plaintiffs and respectfully move the Court to amend the complaint, the answer, the summons issued in this cause, and the return thereto, and on all of any other pleading or proceedings in this cause, by changing the name of the defendant from Rimer Coal Co., Inc. to Ralph J. Rimer, Inc., and in support thereof respectfully show that it was discovered during the progress of the trial of this cause that through inadvertance the name of the defendant was improperly set forth; that the summons issued was served on the proper officers of the Ralph J. Rimer, Inc.; that it employed counsel, appeared to the action and was making its defense; that said Ralph J. Rimer, Inc. filed an answer admitted the operation of its truck upon the street at the time and place in question, although denying liability for negligence; that its attorneys, employed by Ralph J. Rimer, filed an application for continuance on October 31, 1945, in which they set forth that the said Ralph J. Rimer, who was one of the witnesses and testified in this cause, was the president and manager of the defendant company; that on July 14, 1947, the attorneys appearing herein filed an affidavit for change of venue, and that all of said proceedings were had at the special request of the Ralph J. Rimer, Inc. through its President Ralph J. Rimer.

"The plaintiffs further show that the defendant, Ralph J. Rimer, Inc. would not be prejudiced by such amendment; that they have prepared for trial and offered their defense in this cause."

The trial court took the above motion under advisement and thereafter entered the following judgment:

> "Come now the parties herein and the Defendant objects to Plaintiff's motion to amend, for the reason that said motion is not sustained by sufficient evidence, which objection the Court now overrules, and sustains Plaintiff's motion to amend, to which ruling of the Court, the Defendant excepts.
>
> "And now the Court having heard the evidence and being duly advised in the premises now finds for the Plaintiff and against the defendant that Plaintiff have and recover from the Defendant damages in the sum of $470.00 and the costs of this action.
>
> "IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED by the Court that the Plaintiff have and recover of and from the Defendant damages in the *dum* of $470.00 and the costs of the action, herein laid out and expended, taxed at $_____."

Section 2-1068, Burns' 1946 Replacement, reads in part as follows:

> "After trial and before final judgment, the court may, in its discretion and upon such terms as may be deemed proper for the furtherance of justice, order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect; or by inserting, striking out, or modifying any material allegation, in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial right."

The rule is well established in Indiana that the trial court may use its discretion in granting or refusing permission to amend pleadings after trial and before final judgment and, unless there is clearly shown an abuse of such discretion, by which the complaining party is harmed and his substantial

rights taken from him, this court will not interfere. *Haley* v. *Wilson* (1932), 94 Ind. App. 402, 181 N. E. 46; *Portland, etc., Machine Co.* v. *Gibson* (1916), 184 Ind. 342, 111 N. E. 184; *Raymond* v. *Wathen* (1895), 142 Ind. 367, 41 N. E. 815; *Indianapolis Traction, etc., Co.* v. *Formes* (1907), 40 Ind. App. 202, 80 N. E. 872; *Gates* v. *Weyenberg* (1915), 60 Ind. App. 241, 110 N. E. 227.

The record shows that the action was begun against the Rimer Coal Co., Inc. and the court permitted the amendment of the name of the defendant to Ralph J. Rimer, Inc. The summons was served on Ralph J. Rimer, President of Ralph J. Rimer, Inc., the company owning the truck which was involved in the collision. The same Ralph J. Rimer employed counsel to represent him in the case at bar and he also testified in the action.

The record further shows that appellant objected to the amendment of the complaint, but made no application for a continuance, offered no additional evidence, and made no showing that it was in any way prejudiced thereby. Under such circumstances this court will presume that the amendment was authorized in "the furtherance of justice." *C. H. Maloney & Co.* v. *Whitney* (1919), 71 Ind. App. 157, 124 N. E. 496; *Burns* v. *Fox* (1888), 113 Ind. 205, 14 N. E. 541; *Town of Martinsville* v. *Shirley* (1882), 84 Ind. 546; *Smith, etc., Corp.* v. *Byers* (1898), 20 Ind. App. 51, 49 N. E. 177; §§400, 405, Burns' 1914; §§391, 396, R. S. 1881.

There is nothing in the record to show that the rights of the appellant were prejudiced. The court did not abuse its discretion—there was no error in permitting the amendment.

The appellant contends that there is no evidence that appellant was guilty of negligence. Appellant further contends the evidence was that the appellees' truck was

parked entirely off Union Street and on private property. This was not in issue.

Rhetorical paragraph 1 of plaintiffs' complaint alleged that Union Street was a public street. This was admitted by appellant in its answer. The complaint further alleges, in rhetorical paragraph 4, that the defendant was backing its truck in, upon and over said South Union Street. This fact was admitted by appellant in its answer.

Admissions made in a pleading are denominated solemn admissions, or admissions *in judico,* and are not required to be supported by evidence. Such admissions are taken as true against the party making them without further controversy.

In fact, admissions in the pleadings cannot be either proved or disproved on the trial, but must be accepted for whatever they amount to in legal effect, without reference to any other evidence that may be adduced. *Stack* v. *Commercial Towel & Uniform Service, Inc.* (1950), 120 Ind. App. 483, 91 N. E. 2d 790; *New Albany & Vincennes Plank Road Co.* v. *Stallcup* (1878), 62 Ind. 345; *Bearcreek Tp. of Jay County* v. *DeHoff* (1943), 113 Ind. App. 530, 49 N. E. 2d 391; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, 710, 14 N. E. 2d 537; *Continental Optical Co.* v. *Reed* (1949), 119 Ind. App. 643, 86 N. E. 2d 306, 88 N. E. 2d 55.

Four acts of negligence are charged in the complaint, to-wit:

"(1) Carelessness and negligence on the part of the defendant in not having its said truck under control so as to enable it to stop and avoid striking plaintiffs' said truck.

"(2) Failure on the part of the defendant to stop after it saw plaintiffs' truck standing motionless at the curb.

"(3) Failure on the part of the defendant to turn to the right or to the left, and thus avoid striking plaintiffs' truck in the front.

"(4) Failure on the part of the defendant in operating its truck in such a manner that it could not see plaintiffs' truck."

The question of whether appellant was guilty of negligence is usually a question for the jury, or if tried by the court, a question for the trial court. If there is any legal evidence to support the verdict of the jury, or the decision of the court, this court, on appeal, will not reverse the trial court for insufficient evidence. *Rush* v. *Hunziker* (1940), 216 Ind. 529, 24 N. E. 2d 931.

There is evidence by one L. H. Felton who testified as follows: When I got to Meunich's Grocery I parked the truck off the highway facing north, on the east side of the highway. It is paved to the edge there, and off set, 20 inches shoulder there. I was probably about 30 inches off the pavement. My left wheels were off the pavement. I went into the store. I left my car in gear, I am quite sure that it was in first gear. I went into the store to get my order. I went back to the truck. I heard a noise, it was falling glass, bent fenders, and water running out of the radiator where the fan went through the radiator. Peter Elkrich's driver, myself, and Mr. Meunich all immediately went outside the door. The man got out of his truck. Lights were broken, fenders were smashed up against the tires, and the radiator, the hood was pushed up from the pressure of the coal truck, came just above the lights and smashed the lights. The coal truck was in the driveway when I drove up. I was probably 15 feet south of the driveway facing to the north. When I came out of the store the back end of the coal truck was against my car.

Raymond H. Norris, the driver of appellant's truck,

testified as follows: That I was employed by Ralph J. Rimer, Inc., that's the way my checks were. This truck was not on the scene when I got out of the truck and looked to see if there was everything in the clear. When I got back into the Rimer truck to back out there was no clearance between the drive and the truck for me to make it, and I had to hit the Stanz Cheese truck.

The trial court could have drawn the inference from this evidence that the driver of appellant's truck did not look again after he started to back his truck, for if he had looked again or kept a look out he could have seen the appellees' truck.

As a general rule, a motorist in backing his vehicle must exercise ordinary care so as not to injure others by the operation, and he must take the reasonable precautions to see that the movement may be made in safety. The duty to use due care requires that the driver adopt reasonable means to ascertain whether others are in the vicinity who may be injured, and he should keep a proper lookout to the rear so that his movement will not endanger other vehicles or animals drawing them or pedestrians. It is not, however, enough for the operator to look in one direction, and common prudence and regard for the safety of others using the highway may require him to look in all directions from which a traveler may be expected to approach. The motorist must keep a lookout not only before he begins to back, but also while he is in the act of backing. 60 C. J. S., §302, pp. 712, 713; *Taulborg* v. *Andresen* (1930), 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642.

The appellant contends that there is no evidence relating to Norris' contract of employment. There is no evidence showing he had a right to drive appellant's truck at the time of its collision with appellees' truck. Rhetorical paragraph 4 of the

complaint alleged "that defendant, operating its coal truck in and upon and over said South Union Street at said point aforementioned, was backing its truck in reverse gear in a southerly direction on the east half of said Union Street." The answer of the appellant admitted those facts.

In 57 C. J. S., §614, p. 386, it is said:

"In order to state a cause of action against defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was in legal effect committed by defendant. This may be alleged either by alleging that defendant by his servant committed the act, or, without noticing the servant, by alleging that defendant committed the act. . . ."

Pleadings are to be liberally construed. Necessary facts are to be directly averred. But the facts averred in a complaint carry with them all necessary inferences. *Pittsburgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. 230, 87 N. E. 28.

The appellant in this case is a corporation. It acts only by its servants. A fact essential to a cause of action or defense need not be proved if admitted by the pleadings of the adverse party.

Rule 1-3 of the Rules of the Supreme Court of Indiana provides in part as follows:

"The party answering or replying to a pleading shall state, without enlargement or elaboration, that he (1) admits, (2) denies, or (3) is without information as to the facts stated in each rhetorical paragraph or each designated part of such paragraph. . . ."

Said allegations in rhetorical paragraph 4 of the complaint carried with them all necessary inferences that

Norris, the chauffeur of appellant's truck, was its servant at the time of the collision and engaged in appellant's business and acting within the scope of his employment, therefore, when the appellant, by his answer, admitted the allegations of rhetorical paragraph 4, this dispensed with the proof that Norris, the chauffeur of appellant's truck, was its servant at the time of the collision and engaged in appellant's business and that he was acting within the scope of his employment.

Appellant contends that the amount of recovery is too large. There is nothing in the size of the recovery herein that is not sustained by the evidence and we cannot say that it is excessive; it is borne out by the record.

It is fundamental that a variance amendable in a court below will be deemed amended on appeal. *Kaufman* v. *American Surety Co.* (1929), 89 Ind. App. 393, 166 N. E. 615; *City of Decatur* v. *Grand Rapids, etc., Railroad Company et al.* (1897), 146 Ind. 577, 45 N. E. 793; *Noyes Carriage Co.* v. *Robbins* (1903), 31 Ind. App. 300, 67 N. E. 959.

It is our opinion that there is ample evidence to sustain the decision of the court and that the decision is not contrary to law. We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 428.