## SLIDER ET AL. *v.* INDIANAPOLIS & LOUISVILLE TRACTION COMPANY.

[No. 6,410. Filed June 30, 1908. Rehearing denied October 7, 1908.]

1. EMINENT DOMAIN.—*Preliminary Hearing.—Questions Presentable.—Exceptions.—Interurban Railroads.*—Upon the preliminary hearing of a proceeding in eminent domain, and before the appointment of appraisers therein, the landowner may contest the plaintiff's right to condemn the lands in question; and such question is presented by the filing of proper exceptions to the petition. p. 309.

2. PLEADING.—*Complaint.—Conclusions.—Eminent Domain.*—A petition for the condemnation of lands alleging "that the change of line of said road is desirable, with a view to a more easy ascent and descent to and from" a certain turnpike, is a conclusion, and is insufficient. p. 309.

3. SAME. — *Complaint. — Conclusions. — Eminent Domain.*—An allegation in a petition in an eminent domain proceeding "that the plaintiff has been unable to agree with the owner for the purchase of said land for the purpose of such change in the highway" is a conclusion, but being in the language of the statute (§930 Burns 1908, Acts 1905, p. 59, §2), is sufficient. p. 309.

4. APPEAL.—*Judgment.—Eminent Domain.*—Where the record in an eminent domain case shows that "from said order overruling said objections [to the petition for condemnation] and the appointment of said appraisers, the defendants pray an appeal," the appeal taken must be held to be from the overruling of such objections and from the appointment of appraisers. p. 310.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Eminent domain proceeding by the Indianapolis & Louisville Traction Company against Mary A. Slider and another. From an interlocutory order overruling defendants' objections to the complaint and appointing appraisers, defendants appeal. *Reversed.*

*J. K. Marsh,* for appellants.
*Joseph A. McKee,* for appellee.

COMSTOCK, J.—Appellee filed its complaint in the court below, alleging, in substance, that it is an electric railroad

company and a corporation organized under the laws of the State of Indiana, having the right to exercise the power of eminent domain for public use under the statutes of the State, and desires to exercise such power; that defendant Mary A. Slider is the owner of the land hereinafter described, which plaintiff desires to condemn, and that Henry Slider is her husband; that the right of way and track of plaintiff crosses the highway which joins the Sellersburg and Memphis turnpike at Slate cut, in survey No. 167, in Union township, Clark county, Indiana, immediately west of said Sellersburg and Memphis turnpike; that the use plaintiff intends to make of the lands sought to be appropriated is for a highway for the purpose of changing the line of the highway at Slate cut, in Union township, Clark county, Indiana, being survey No. 167 of the Illinois grant, and diverting the highway which joins the Sellersburg & Memphis turnpike at said Slate cut southwardly, a distance of 223 feet, more or less, and then joining with the Sellersburg and Memphis highway; that it is desirable that a change in the line of said highway be made, for the reason that at said Slate cut, where said road joins the Sellersburg and Memphis turnpike, there is a vertical cut of fourteen feet to the grade of the right of way of plaintiff company, and that the change of line of said road is desirable, with a view to a more easy ascent and descent to and from the same and the Sellersburg and Memphis turnpike. It states the general route and termini of plaintiff's right of way, the width of the land desired to be appropriated, and the survey number in which the land is located. The complaint also alleges that the plaintiff has been unable to agree with the owner for the purchase of said land to be condemned, and that the land sought to be appropriated includes only a part of the tract of land owned by said Mary A. Slider. It concludes with the prayer that three disinterested freeholders of Clark county, Indiana, be appointed

306    APPELLATE COURT OF INDIANA,

Slider *v.* Indianapolis, etc., Traction Co.—42 Ind. App. 304.

to assess the defendants' damages by reason of such appropriation, and that, upon payment of such damages by the plaintiff, such lands shall become a part of the road and highway crossed by the right of way of plaintiff in such manner and on such terms as the adjacent parts of said highway are held for highway purposes.

Appellants appeared and filed their objections in writing to said complaint, which objections are substantially as follows: The court has no jurisdiction of the subject-matter of the proceedings, has no jurisdiction of the subject-matter of the action, no jurisdiction of the person of the defendant, nor the person of either of said defendants; that said plaintiff has no right to exercise the power of eminent domain for the use sought and set forth in its complaint; that the complaint does not state facts sufficient to constitute a cause of action against the defendants or either of such defendants; that plaintiff is not authorized or empowered by law to exercise the right of eminent domain for the purpose of changing the public highway and relocating the same upon and over a different route as sought in the complaint.

The court overruled each of said objections, and appointed three disinterested freeholders of Clark county to assess damages which the owner of the real estate, herein asked to be condemned, might sustain and be entitled to by reason of such appropriation, to which appointment of appraisers the defendants excepted, and from the order overruling said objections and the appointment of said appraisers the defendants took this appeal.

For error appellants assign that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the objections of appellants to the complaint and in overruling appellants' objections to the appointment of viewers; that the decision of the court is not sustained by sufficient evidence and is contrary to

law, and that the court erred in appointing viewers as asked by appellee, without having heard any evidence in support of the complaint or of any fact therein alleged.

The action is a special proceeding founded upon §§929-940 Burns 1908, Acts 1905, p. 59, Acts 1907, p. 306. Section 929, *supra*, among other things provides: "That any person, corporation, or other body having the right to exercise the power of eminent domain for any public use, under any statute, existing or hereafter passed, and desiring to exercise such power, shall do so only in the manner provided in this act except as otherwise provided herein. Before proceeding to condemn, such person, corporation or other body, may enter upon any land for the purpose of examining and surveying the property sought to be appropriated or right sought to be acquired; and shall make an effort to purchase for the use intended such lands, right of way, easement or other interest therein or other property or right." Section 930, *supra*, provides: "If such person, corporation or other body shall not agree with the owner of the land, or other property or right or with such guardian, touching the damages sustained by such owner, as provided in the last section, the person, corporation or other body so seeking to condemn may file a complaint for that purpose in the office of the clerk of the circuit or superior court of the county where such land or other property or right is situated. Such complaint shall state," etc. (Here follows what the complaint is required to state.) Section 931, *supra*, provides: "Upon the filing of such complaint the clerk shall issue a notice, which shall contain the names of the parties, a general description of the whole property, a statement of the public use for which it is sought, a reference to the complaint for descriptions of the respective parcels, and requiring the defendants to appear on a day, to be fixed by the plaintiff by indorsement on the complaint, and show cause why the property described should not be condemned as prayed for in

the complaint.'' Section 932, *supra,* provides: ''Upon return of such notice * * * the court or judge in vacation being satisfied of the regularity of the proceedings, and the right of the plaintiff to exercise the power of eminent domain for the use sought, shall appoint three disinterested freeholders of the county to assess the damages, or the benefits and damages, as the case may be, which the owner or owners severally may sustain, or be entitled to, by reason of such appropriation.'' Section 933, *supra,* provides: ''Any defendant may object to such proceedings on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain, for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement of objections shall be allowed in such cause, except the answer provided for in section eight [§936, *supra*] of this act: Provided, that amendments to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision, as and in the manner that appeals are taken from final judgments in civil actions. * * * But if such objections are overruled the court, or judge, shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers such defendants, or any of them, may appeal to the Supreme or Appellate Court * * * in the manner that appeals are taken in final judgments in civil actions,'' etc. We deem it unnecessary to refer to other sections of the act in question. No question is raised as to the time when the objections were filed.

It has been held by the Supreme Court that under §933,

*supra,* by the objections provided for, a preliminary hearing might be had by which the landowner might con-

1. trovert the right of the plaintiff in proceeding to condemn and appropriate his lands, and therefore have all such questions determined and disposed of by the judge in vacation , or the court in term time, as the case might be, before making the interlocutory order appointing appraisers to assess damages, as in *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511. By the language of the notice or summons the owner is required to appear on the day fixed and show cause why his property should not be condemned as prayed for in the complaint. The method prescribed for doing this is by filing his written objections.

The allegation of the complaint, "that the change of line of the said road is desirable, with a view to a more easy ascent and descent to and from the same and the

2. Sellersburg and Memphis turnpike," is, as claimed by appellant, a conclusion and not a statement of fact. The averment, "that the plaintiff has been unable to agree with the owner for the purchase of said land

3. · for the purpose of such change in the highway," also excepted to, would be insufficient as a mere inference, but for the fact that it employs the language prescribed by the statute.

From *Morrison* v. *Indianapolis, etc., R. Co., supra,* at page 523, we quote: "It will be noted that the first section of the statute in controversy provides that any person, cor-

1. poration, or other body having the right to exercise the power of eminent domain for any public use under any existing statute, before proceeding to condemn 'shall make an effort to purchase for the use intended such lands, right of way,' etc. It is apparent, then, that among the essential facts which constitute the very foundation of the proceeding at

bar were that the plaintiff is a corporation which, under the statute of this State, was invested with the right to exercise the power of eminent domain and that it had as a condition precedent made an effort to purchase the property which it sought to condemn for the use intended. These facts, at least, the appellee was required to establish as preliminary to its right to demand that the court make an interlocutory order appointing appraisers. That the statute in controversy contemplates or intends that all preliminary questions shall be determined and settled by the judge or court before the appointment of appraisers, or any proceeding had, fixing or assessing the landowner's damages, fully accords with the policy of law and sound reason, and is manifestly what the legislature intended under the provisions of section five. *Cincinnati, etc., R. Co.* v. *McFarland* [1864], 22 Ind. 459; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* [1889], 116 Ind. 578; *Great Western, etc., Oil Co.* v. *Hawkins* [1903], 30 Ind. App. 557, and cases there cited; *O'Hare* v. *Chicago, etc., R. Co.* [1891], 139 Ill. 151, 28 N. E. 923.''

Judgment reversed, with instructions to sustain appellants' objections to the complaint, and for further proceedings not inconsistent with this opinion.

Watson, J., did not participate.

## On Petition for Rehearing.

Comstock, J.—In the petition for a rehearing and in the argument in support thereof it is said that the following statement in the opinion, to wit, ''the court overruled each of said objections, and appointed three disinterested freeholders of Clark county to assess damages which the owner of the real estate herein asked to be condemned, might sustain and be entitled to by reason of such appropriation, to which appointment of appraisers the defendants excepted, and from the order overruling said objections and the appointment of said appraisers, the defend-

ants took this appeal,'' is incorrect. It is claimed that the appeal was not taken from the order overruling such objection, and the appointment of said appraisers. We quote from the record: ''And the court being advised in the premises now appoints John Scheller, Robert Houser and George D. Jackson, three disinterested freeholders of Clark county, Indiana, to assess the damages which the owner of the real estate, herein asked to be condemned, may sustain and be entitled to by reason of such appropriation, and the clerk of this court is directed to issue the proper notice and warrant to said appraisers to make said appraisement, under his hand and the seal of this court, which is now done, to which appointment of appraisers the defendants except, and from said order overruling said objections and appointment of said appraisers, the defendants pray an appeal to the Appellate Court of Indiana, which appeal is granted by the court upon the defendants' filing with the clerk of this court a bond in the penalty of $100 with sufficient surety, * * * said bond to be filed within ten days from the date hereof,'' etc. Said order was entered December 29, 1906, and on January 3, 1907, within the time fixed, the bond was duly filed and approved. The statement in the opinion excepted to is thus shown to be fully sustained by the record. While further consideration (induced by the petition for a rehearing) of the questions presented by the appeal leads to the conclusion that it should be overruled, we deem it necessary to refer only to the alleged mistake of fact.

Petition overruled.