BOARD OF SUPERVISORS OF LAMAR COUNTY *v.* ELLIOTT.

[66 South. 203.]

1. EASEMENTS.  *Ways of necessity.  Fixing ways.  Bona fide purchaser of servient estate.  Rights of.*
   A way of necessity over the land of the grantor arises when one sells to another a tract of land, surrounded by other lands owned by him.  In such case the way is implied from the grant made.

2. EASEMENTS.  *Ways of necessity.  Fixing ways.*
   Where a grantor grants lands wholly surrounded by his other lands, he has the right when necessity therefor arises, to fix the line of the way of necessity over his land.  But if he fails to exercise the right then the grantee can locate the way over his land.

3. EASEMENT.  *Bona fide purchaser of servient estate.  Rights of.*
   Where a defendant knew that his grantor had sold land, wholly surrounded by his other land, to be used for a school, and that well established ways were used by the teacher and pupils over the surrounding land, the defendant on purchasing such surrounding land, takes it subject to the easement.

4. EASEMENT.  *Ways of necessity.  Right to.*
   Where land wholly surrounded by other land belonging to the grantor, is sold and conveyed for use as a school, the fact that the grantee is a municipality or a subdivision of the state, which has the right of eminent domain, does not prevent the grant from carrying with it an easement of a right of way by which teachers and pupils can reach the school.

APPEAL from the chancery court of Lamar county.

HON. R. E. SHEEHY, Chancellor.

Bill by board of supervisors of Lamar county and others against C. C. Elliott.  From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* for appellant.

It is the contention of the appellees that no right of way was implied by the grant and if the county secured a

right of way, it would have to do so by condemnation proceedings or eminent domain proceedings and would have to pay for the rights so established. It is further the contention of the appellants that no bond for an injunction was required for the county to obtain the injunction under the provisions of section 613, of the Code, and that the county is not liable for damages for the wrongful suing out of an injunction in case its contentions are not well founded; that the county is a portion of the sovereignty of the state; that it is an agency of the state and to impose any penalty, there must be an express statutory provision.

The section of the Code above referred to gives the county a right of injunction without bond. The very purpose of requiring bond is to have a foundation for damages, and where no bond is required, there can be no damages. The chancellor was without authority to put this stipulation in his *fiat;* its being placed there amounted to nothing and was a mere nullity. The bond being without legal requirement is purely voluntary, and neither the county, the trustees or the sureties on the bond are liable to any daamges for the failure of the suit.

In the cases on the first proposition, that a right of way is implied from the grantee, cited in the original brief, that contention is sustained. In addition, however, to the authorities cited, there are other authorities that strengthen the position holding that where an owner of propery establishes a way or other convenience for the benefit of one portion of his land over another portion, and afterwards sells the portion for which the said way is established as a convenience, that the sale of such portion carries the way with it as an incident or an appurtenance of the conveyance and that neither he, nor his grantees, can thereafter obstruct such way or other means of benefit even though such way might not be absolutely necessary for the proper use and enjoyment of the lands

so conveyed; that ways which are visible and permanently established on one part of an estate for the benefit of another part will, upon severance of the estate, pass as an implied or constructive easement appurtenent to the part of the estate for which the benefit was established. *Cikah* v. *Kleke,* 117 Ill. 643; 7 N. E. 111; *Robinson* v. *Thrailkill,* 110 Ind. 117; 10 N. E. 647; *Thompson* v. *Miner,* 30 Iowa, 368; *Huttemeyer* v. *Alboro,* 18 N. Y. 48; *Baker* v. *Rice,* 47 N. E. 653; *Manteck* v. *Jones,* 190 Penn. State, 171, 42 Atl. 536; *Phillips* v. *Phillips,* 48 Pa. State, 178, 85 Am. Dec. 577; *McCarty* v. *Kelechemen,* 47 Pa. State, 239, 87 Am. Dec. 538.

*T. W. Davis* and *Tally & Mayson,* for appellee.

The learned counsel in the institution of this suit proceeded upon the theory that because the schoolhouse tract was entirely surrounded, at the time of the purchase, by other lands of the grantor, that a way or ways by implication of necessity inured to the grantee, in certain instances that might be true where both grantor and grantee are individuals, but we insist that no public corporation has any right to claim necessity to reach its land when surrounded by other land. These public authorities have the right of eminent domain and could condemn or purchase a suitable way or ways to reach the property. This court expressly held in the case of *Como* v. *Pointer,* 87 Miss. 712, 40 So. 260, that the private rights of individuals to demand ways of necessity over the land of other individuals, even if such right exists, confers no right on a municipality to claim such a way as a public street. The school trustees, when they purchased this land should have stipulated for and obtained proper roads and ways. They are at best mere licensees, and any owner had the right to revoke the license; this was done by the appellee herein. To apply any other rule would be directly in contravention of section 17 of the Constitution providing that private property shall not

be taken or damaged for public use without compensation being first made to the owner. *Vicksburg* v. *Herman*, 72 Miss. 211. The case of *Beck* v. *L. N. O. & T. R. R. Co.*, 3 So. 252, supports the contention herein advanced.

The illustration in appellant's brief of a municipality purchasing the upper story of a building for the purpose of conducting a school, but not providing for stairway rights, is inapt. The municipality is not bound to purchase the upper story of a building for the purpose of conducting a school, and if it does, it should see that such accessories as stairways and other conveniences were provided for at the time of the purchase; but certainly if it was so indiscrete as to not provide for contingencies of that kind, we do not think the landowner should be compelled, without compensation, to give it the right. Learned counsel for appellant, through their brief, cite numbers of authorities supposedly supporting the contention advanced by them. On investigating those authorities we think that none of them are really pertinent to the matter in controversy.

REED, J., delivered the opinion of the court.

In September, 1904, the school commissioners of Lamar county located a public school at a point about the center of a tract of land containing one hundred and sixty acres. Afterwards, by deed dated January 19, 1906, duly executed and filed for record, Mr. White conveyed to the trustees of the school the lot of land, being one acre, upon which the school was located. Three roads, leading to the school, over the tract owned by Mr. White, were with his knowledge and concurrence opened, and have been constantly used since by the children, teachers, and patrons in going to and from the schoolhouse. The school has been maintained and the roads have been used since September, 1904, the time of the location. The school was at first known as "Little Black School." In July, 1912, it was consolidated with "Young's Public

School,'' and then designated ''Pleasant Hill Consolidated Public School;' the larger or consolidated school becoming the successor of the original school, and occupying the same site.

J. J. White, after conveying the lot of land to the school trustees, sold the balance of the tract to R. T. Lawler, who in turn conveyed it to C. C. Elliott, appellee. About the time of the opening of the school in October, 1912, appellee obstructed the roads leading over his land to the school, by placing therein logs, stumps, and debris, so that it was impossible for the patrons, teachers, and pupils to travel over them and reach the school. He also posted notices warning the public not to trespass or enter on his lands or travel over the roads. The supervisors of the county thereupon filed their bill in chancery, and an injunction was granted requiring the appellee to remove the obstructions placed in the roads, and commanding him to desist from interfering in any manner with the opening, conducting, and maintaining the public school.

Upon a final hearing of the cause on bill, answer, and testimony, the chancellor entered a decree dismissing the bill, dissolving the injunction, and giving judgment in favor of appellee against appellants and the sureties on the injunction bond for two hundred and fifty dollars, fixed as a reasonable solicitor's fee. From this decree of the chancellor, appellants have prosecuted this appeal. In the final decree the chancellor states his reason for his decision in the following words:

''The court finds that complainants have no easement or right of way to said school lot by virtue of the conveyance from J. J. White to the schoolhouse tract.''

It is contended by appellants that, when the land was conveyed to the trustees by Mr. White, the then owner, an easement of right of way leading over his land to the schoolhouse site was implied, because the site conveyed was wholly surrounded by the grantor's land, and that

such way was necessary to reach the purchased land. It is beyond question that a way of necessity over the land of the grantor arises when one sells to another a tract of land surrounded by other lands owned by him. Without such way the property granted could not be used for the purpose intended. In such cases the way is implied from the grant made. It is a necessary incident thereto. *Bonelli Brothers* v. *Blakemore,* 66 Miss. 136, 5 So. 228, 14 Am. St. Rep. 550; 3 Kent's Commentaries, 420; 2 Blackstone's Commentaries, 35. When Mr. White conveyed to the school trustees the lot in the center of his one hundred and sixty acre tract, to be used as a school site, there accompanied the grant, as a necessary incident thereto, an implied grant of right of way across the remaining land of the tract to the school property. This easement arose by necessity, for without it the grant would be useless.

Now, it appears that the ways over and across the land and used in going to and from the school were established with the knowledge, permission, and consent of Mr. White, the then owner. It was the right of the owner, when necessity therefor arose, to fix the line of the way of necessity over his land. If he failed to exercise this right, then the school trustees could have located the way. When once defined, and use thereof made with the knowledge and permission of both parties, then both should be bound by the line so fixed. *Powers* v. *Harlow,* 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154. It appears, however, in this case, that the location as well as the use of the way was with the knowledge and permission of both the grantor and the grantees.

Appellee had full knowledge of the location and use of the roads when he purchased the land. In his testimony he says that he had been living in a mile of the schoolhouse since it was established; that he knew a free school was maintained there; knew of the location of the roads, and that the people were using them in going to

and from the schoolhouse. Appellee acquired and took the land subject to the easement of the way of necessity. Such way was recognized and approved by and established with the consent of the owner, and was also necessary to the use of the school property. *Bonelli Brothers* v. *Blakemore,* 66 Miss. 136, 5 So. 228, 14 Am. St. Rep. 550; *Manbeck* v. *Jones,* 190 Pa. 171, 42 Atl. 536. Appellee was not justified in obstructing and closing the roads. A court of equity has jurisdiction to forbid his obstruction thereof, restrain his interference therewith, and compel the keeping the way open.

Appellee contends, and it appears from the argument of his counsel to be the sole contention in support of the chancellor's decision, that no easement of right of way attended the conveyance to the trustees, that the rule which applies to private owners relative to ways of necessity does not apply to a municipality or a subdivision of the state, and that public authorities having a right of eminent domain should condemn or purchase suitable ways of reaching property in cases like the one now before us. He relies upon the case of *Town of Como* v. *Pointer,* 87 Miss. 712, 40 So. 260. In that case the judge delivering the opinion of the court said that:

"The private right of individuals to demand a way of necessity over lands of other individuals, even if such right exists, confers no right on a municipality to claim such way as a public street."

The facts in the two cases are very different. The statement of the judge in delivering the opinion in *Como* v. *Pointer* will not be applicable to the present case. There is no effort here on the part of the county to secure a public road. The effort in this case is to preserve for the use of the school patrons, teachers, and pupils the private roadways which have become easements as way of necessity. The law touching the subject of such easements is as applicable to a case like the present, where school trustees have purchased a lot surrounded

by other land of the grantor, as to a case where an individual has made such purchase.

· The chancellor erred in deciding that the trustees had no easement of right of way to the schoolhouse by virtue of the conveyance from J. J. White.

*Reversed and remanded.*