C. H. MALONEY AND COMPANY *v.* WHITNEY ET AL.

[No. 9,989. Filed October 14, 1919.]

1. APPEAL.—*Review.—Amendment to Complaint.—Presumption.*— Where the record on appeal shows that appellant objected to the amendment of the complaint, but made no application for a continuance, offered no additional evidence, and made no showing that it was in any way prejudiced thereby, the court on appeal will presume that the amendment was authorized in the furtherance of justice under §§400, 405 Burns 1914, §§391, 396 R. S. 1881. p. 159.

2. PLEADING.—*Amendment.*—*Discretion of Court.*—The permitting of amendments to pleadings so as to make them conform to the facts proved is a matter largely within the discretion of the trial court. p. 160.

3. APPEAL.—*Review.*—*Permitting Amendments to Pleadings.*—*Discretion of Trial Court.*—It is only where the trial court has abused its discretion in allowing amendments to pleadings that a cause will be reversed by reason thereof. p. 160.

4. PLEADING.—*Complaint.*—*Amendment Before Judgment.*—*Discretion of Trial Court.*—In an action to recover for building materials and on an open account, the trial court did not abuse its discretion in allowing plaintiffs, before judgment was rendered, to amend the complaint to make it include items previously claimed by them to have been paid, out which the court, in another case between the same parties being tried at the same time, held had not been paid. p. 160.

From Porter Circuit Court; *H. H. Loring*, Judge.

Actions by Hugh E. Whitney and another against C. H. Maloney and Company. From a judgment for plaintiffs in one action, the defendant appeals. *Affirmed.*

*Sheehan & Syddick*, for appellant.

*H. F. McCracken* and *Kenneth Call*, for appellees.

REMY, J.—Appellees Whitney and Ford were the plaintiffs, and appellant was a defendant in each of two suits commenced in the Porter Circuit Court, and by agreement of the parties tried at the same time. One of the cases, known in the trial court as No. 2634, was instituted as an ordinary suit to foreclose a mechanic's lien on property known as Mercy Hospital, and to recover on an open account for material furnished by Whitney and Ford for use in the construction of that work. In the other case, which serves as the basis of this appeal, and in the trial court was cause No. 2635, recovery was sought for material used by appellant in work on the Hobart Library, and for an additional open account.

At the trial, the accounts between the parties were examined in detail, and it appears from the evidence that on November 10, 1914, appellant paid to Whitney and Ford the sum of $800, which the latter claimed to have applied in payment of certain miscellaneous items of open account, introduced in evidence, but which had no connection with either Mercy Hospital or the Hobart Library job. It further appears from the evidence, and the trial court held, that Whitney and Ford had not applied the payment of $800 on the miscellaneous items, but had applied $631 of that payment on the Mercy Hospital account. For that reason, in rendering its judgment in cause No. 2634, the trial court declined to foreclose for the full amount of the lien therein sought to be established. Thereupon, before judgment was rendered in cause No. 2635, Whitney and Ford moved to amend their complaint in that case so as to include the miscellaneous items previously claimed by them to have been paid, and to increase their demand accordingly. This motion was sustained, and, on the complaint as amended, judgment was rendered for an amount in excess of the original demand.

Errors assigned are: (1) The action of the court in authorizing the amendment of the complaint; and (2) the overruling of the motion for a new trial. The only reason for a new trial presented is that the evidence is not sufficient to sustain the finding.

The record shows that appellant objected to the amendment of the complaint, but made no application for a continuance, offered no additional

1. evidence, and made no showing that it was in any way prejudiced thereby. Under such circumstances this court will presume that the amend-

ment was authorized in "the furtherance of justice." *Burns* v. *Fox* (1888), 113 Ind. 205, 14 N. E. 451; *Town of Martinsville* v. *Shirley* (1882), 84 Ind. 546; *Smith, etc., Corp.* v. *Byers* (1898), 20 Ind. App. 51, 49 N. E. 177; §§400, 405 Burns 1914, §§391, 396 R. S. 1881.

2-4.    The permitting of amendments to pleadings so as to conform them to the facts proved is largely a matter within the discretion of the trial court. It is only where there has been an abuse of such discretion that a cause will be reversed on appeal. *Case* v. *Moorman* (1900), 25 Ind. App. 293, 58 N. E. 85. There is nothing in the record to show that the rights of appellant were prejudiced. The court did not abuse its discretion. There was no error in permitting the amendment.

The finding of the court is fully sustained by the evidence. Judgment affirmed.