QUIN v. SABINE.

(Division A.    Oct. 17, 1938.)

[183 So. 701.    No. 33180.]

Luther W. Felder, of McComb, for appellant.

**Junior O'Mara,** of McComb, and **Price, Price & Phillips,** of Magnolia, for appellee.

382

Argued orally by **Luther W. Felder**, for appellant, and by **Junior O'Mara** and **O. W. Phillips**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

When the owner of lands, abutting upon a public highway, conveys to another all that portion of said lands which so abut, and retains the interior portion, from which interior lands he would have no way to reach a public highway except permissively over the lands of strangers, the law reserves to the grantor, as an appurtenance to the reserved lands, the easement of a right of way over the exterior lands thus conveyed, and from the interior lands to the public highway first aforesaid; and this right of easement continues so long as the necessity therefor continues, which is to say, so long as the owner or owners of the interior lands to reach a public highway, would have to resort to the permissive use of a roadway other than the reserved easement. There are many cases to this effect, but the rule is sufficiently disclosed in Pleas v. Thomas, 75 Miss. 495, 22 So. 820.

Under this rule and the facts of this case, when Quin conveyed the exterior lands to appellee in 1905, he reserved the easement of a roadway over the conveyed lands to reach the public highway now known as Highway No. 24, there being then and now no public road which touches the reserved or interior lands—wherefore the said reservation is still in full force.

When under such a reservation, implied in law, there exists, at the time of the conveyance, a roadway over the exterior lands, leading from the interior lands to the public highway, the presumption is that the parties had in contemplation the continued use of said existent roadway over the exterior lands, and that it would remain open to the use of the interior lands, so long as the necessity therefor continued—the meaning of necessity being as we have heretofore set out. Washburn on Easements, (4 Ed.), p. 262. But when the owner of the exterior lands changes the previously existing roadway and provides another in the place thereof, and the owner of the interior land accepts the change without objection and thereupon proceeds to use the roadway in its new location and so continues for such a length of time as will definitely and indisputably evidence unreserved acquiescence in the change—and certainly so if said continued use has been without interruption for the ten-year period analogous to the adverse possession statute—the location so accepted may not thereafter be substantially changed without consent both of the owner of the land and the owner of the easement. See, as sufficient on this point, 9 R. C. L. pp. 791, 792; 19 C. J. p. 953. Also Glover v. Falls, 120 Miss. 201, 82 So. 4; Board of Sup'rs of Lamar County v. Elliott, 107 Miss. 841, 66 So. 203. Exclusive use by the owner of the interior lands is not necessary to the application of the stated rule. Compare University of Mississippi v. Gotten, 119 Miss. 246, 80 So. 522.

When, therefore, appellee made the change in the old roadway and established the present roadway, which, according to this record, was not later than 1920, and

appellant accepted said changed location, and thereupon from 1920 down to the date of filing of this bill in 1937 continued to use said roadway in virtue of his easement therein, as aforementioned, his right in the location of said present roadway has now become fixed and it cannot be substantially changed without appellant's consent. It follows that the court was in error in ordering the said roadway to be closed to appellant and in remitting appellant to another tendered or proposed roadway in a substantially different location.

But even so, appellant has not become the owner of the land upon which the roadway is located. He owns an easement therein for a roadway only. He may work the road so as to keep it reasonably usable as a private way, but he cannot lawfully take dominant possession and deal with it as if he were the owner of the land. The record contains much to confirm the impression that this was the attitude taken by appellant in later years. In order that the trial court may consider a proper decree to protect the rights of appellee against said apparent attitude of appellant, and that, if further orders be properly prayed under suitable amendments to the pleadings, the court may provide reasonable means of restricting the use of said roadway to the owner or owners of said reserved interior lands, their tenants and servants, we remand the cause instead of attempting any final decree here.

Reversed and remanded.