INDIANAPOLIS RAILWAYS, INC. *v.* BOYER.

[No. 16,320. Filed March 26, 1940. Rehearing denied May 28, 1940.]

*Gilliom & Gilliom* and *B. E. Sattler,* all of Indianapolis, for appellant.

*A. T. Mayfield* and *James E. McDonald,* both of Indianapolis, for appellee.

DUDINE, J.—This is an appeal from a judgment against appellant in favor of appellee in an action instituted by appellee against appellant for personal injuries allegedly suffered by appellee·as the result of a collision between one of appellant's street cars, on which appellee was a passenger, and an interurban car operated by the Beech Grove Traction Company.

The cause was submitted to a jury for trial upon issues formed by a complaint in one paragraph and an answer in general denial and resulted on March 5, 1938, in a verdict in the sum of $3,000 in favor of appellee and against appellant. Two interrogatories, which had been submitted to the jury, were answered and returned with the verdict. On March 7, 1938, appellant filed a motion for judgment on answers to the interrogatories. On July 1, 1938, appellee was permitted to file, and did file a second amended complaint which she had tendered on June 28, 1938, which permission was given and filing was done over written objections filed by appellant. Appellant's motion for judgment on the answers to the interrogatories and a motion for new trial, theretofore filed by appellant, was overruled, and the court rendered judgment on the verdict, all on July 1, 1938.

The errors assigned upon appeal and discussed in appellant's brief may be summarized as follows: (1) Claimed error in permitting appellee to file the second amended complaint after the verdict had been rendered; (2) claimed error in overruling the motion for new

trial; (3) claimed error in overruling appellant's motion for judgment on the answers to the interrogatories.

The complaint upon which the cause was tried to the jury, omitting formal parts, omitting allegations which are immaterial to the questions presented upon appeal, and omitting the prayer thereof, is as follows:

"Plaintiff complains of the above named defendant and for cause of action says, that on the 23rd day of December, 1936, and for many years prior thereto, the defendant owned and operated a street railway system in the city of Indianapolis, State of Indiana, and as such ran and operated a number of street cars propelled by electricity over many of the streets of said city as a common carrier, hauling passengers for hire; that in the prosecution of said business defendant owned and maintained a large number of lines of railway tracks over many of the streets of said city; that one of said lines so owned and maintained was a line of tracks along and over Shelby street in said city; that said street extended North and South through the southeastern part of said city. . . .

"Plaintiff further avers that on said date defendant company had granted and leased to another company, the exact name of which plaintiff does not know, the right and privilege of operating street cars along its said track over and through said Shelby street, which other company's operations was popularly known as the 'Beech Grove Line'; that on said date said Beech Grove line was being operated by said other company and a regular schedule of cars was being driven over said Shelby street to the Town of Beech Grove, under the terms of said lease agreement, the provisions of which plaintiff does not know.

"Plaintiff further alleges that on said date at about the hour of 11 a. m. she took passage on one of the defendant's said cars at the intersection of Nelson and Shelby streets; that she then and there paid to the motorman thereon the regular and customary fare and became a passenger on one of defendant's north-bound cars; that as said car approached the intersection of Minnesota and said

Shelby streets, a car was being driven and operated southward by said lessee, which was a car of the said Beech Grove Line; that at said point the defendant maintained a single track, with no switch or side track by which cars could pass; *that notwithstanding there were no means or facilities for said cars to pass, the said motormen in charge of each car carelessly and negligently continued to drive and operate their respective cars on said single track toward each other, although seeing and knowing that a head-on collision was inevitable; that each motorman saw and knew and by the exercise of ordinary care could have seen and known of the approach of the other car in ample time, by the exercise of ordinary care, to have checked the speed of the cars they were driving and avoided a collision; that each motorman carelessly and negligently continued to drive said cars toward each other, over said single track, at a high and dangerous rate of speed, to-wit, 20 miles per hour, thereby causing said cars to collide head-on with great force and violence,* thereby throwing this plaintiff out of her seat and against other seats, the sides and floor of said car with great force, thereby bruising and lacerating the skin and muscles of her face and lips. . . ."

The second amended complaint, which was filed after the verdict was returned, differed materially from said original complaint only with respect to that part of the original complaint which we have italicized. The second amended complaint alleged, *in lieu of* said allegations in the original complaint which we have italicized, and in the same context, as follows:

". . . that as said car so driven by the motorman of said Beech Grove Line approached said single track from the North and while in the act of passing over onto said single track and having been driven on the switch connecting said double track with said single track to the north and while the front end of said car was in such close proximity to the north part of said single track and the west rail thereof that defendant's car on which

plaintiff was so riding could not pass without colliding with the left front end of said southbound car, the motormen of both of said cars continued to negligently and carelessly operate and drive said cars toward each other, although seeing and knowing that said cars could not pass and that a collision was inevitable; that each motorman saw and knew and by the exercise of reasonable care could have seen and known of the position and approach of the other car in ample time, by the exercise of ordinary care, to have checked the speed of his car and stopped the same and avoided a collision; that notwithstanding the above facts each motorman carelessly and negligently continued to drive his said car toward the other, at a high and dangerous rate of speed towit: 20 miles per hour, thereby causing said cars to collide with great force at the place where said switch connects with said single track at the north as above alleged. . . ."

Appellant contends that said second amended complaint "materially changes the issues from those tried, in that it presents the new and different theory that the two cars were traveling on different tracks before and at the time of collision . . ." and appellant quotes from *Maxwell* v. *Day* (1874), 45 Ind. 509, 516, in support of the assigned error in permitting said second amended complaint to be filed, as follows: "It is a settled rule of practice under the code that pleadings cannot be amended so as to change the issues or make a new issue after the jury has retired to consult, or after the cause is submitted to the court for decision on the evidence."

Said holding in *Maxwell* v. *Day, supra,* is no longer in effect. Section 2-1068, Burns' 1933 (Acts 1881 as amended by Acts 1921, Ch. 115, Sec. 1, p. 277), expressly provides for amendments of pleadings to conform to facts proved *"after trial and before final judgment."* See *Chicago, etc., Railway Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634. "The

rule is well established in Indiana that the trial court may use its discretion in granting or refusing permission to amend pleadings after trial and before final judgment and, unless there is clearly shown an abuse of discretion, by which the complaining party is harmed or his substantial rights taken from him, this court will not interfere." *Haley* v. *Wilson* (1932), 94 Ind. App. 402, 181 N. E. 46.

The question as to whether or not the trial court abused its discretion in permitting the second amended complaint to be filed depends somewhat upon the determination of a law question which is presented under the motion for new trial. We will therefore proceed now to discuss said law question and then revert to and conclude our discussion of the question as to whether or not the court committed reversible error in permitting the amended complaint to be filed.

The causes for new trial, which are set forth in the motion therefor and discussed in appellant's brief, may be summarized as follows: (1) Claimed error in giving instruction numbered 2 to the jury; (2) claimed error in refusing to give each of several instructions which were tendered by the appellant; (3) the verdict is not sustained by sufficient evidence; (4) the verdict is contrary to law; (5) the damages assessed by the jury are excessive; (6) claimed error in alleged misconduct of plaintiff's counsel in making improper remarks in his closing argument to the jury; (7) claimed error in the admission of certain evidence over objections by appellant.

It seems that appellant relies most upon the claimed error in giving instruction numbered 2, which is as follows:

"The Court instructs you that a street railway company, a Common Carrier of passengers, is

liable to its passengers for an injury received in a collision between its car and the car of another carrying company which it àdmits to the joint use of its tracks, though the collision may result wholly from the negligence of the latter company. In this case, if you find by a preponderance of the evidence that plaintiff was on the 23rd day of December, 1936, a passenger on one of defendant's cars on the Shelby Street car tracks in the City of Indianapolis; that another company was at that time using said Shelby Street car tracks jointly with defendant and by the permission of defendant; that a collision occurred between defendant's car in which plaintiff was riding and a car of said other company, *if you find that said other company was so using said tracks by defendant's permission, and a collision occurred* by reason of the negligence of said defendant company, *or by reason of the negligence of said other company*, as alleged in her complaint which negligence proximately resulted in injuring plaintiff as alleged in her complaint; and that plaintiff was herself free from any negligence causing or proximately contributing to her injuries, if you find she sustained any such injuries, *then you would be warranted in finding for plaintiff."* (Our italics.)

Appellant objects particularly to that part of said instruction which we have italicized and which declares in effect that if the evidence shows that appellant was operating its street car on its own tracks, that a passenger in the car was injured by a collision which was caused by the negligence of the Beech Grove Traction Company in operating one of its cars over the same tracks, with appellant's permission, then appellant is liable for such injury to its passenger.

Appellant *does not contend* that it would not be liable to its passengers for injuries caused by the negligence of the other company in the operation of its cars over appellant's tracks where the "other company" is operating its cars *under a voluntary agreement;* but, appel-

lant *does contend* "all rights of street car companies to lay tracks in streets and use the same (in Indiana) have from the earliest to the latest legislation, authorizing such use, been made subject to the right of suburban or interurban railways to operate their cars over such tracks, and the only subject for agreement in reference to such use was the subject of compensation. . . ." Citing Ch. 84, p. 109, Acts 1891, §§ 55-3708, 55-3801, 55-3802, Burns' 1933, and (as current legislation) § 54-202, Burns' 1933. Appellant contends further that ". . . thus, Beech Grove Traction Company was exercising its own *statute-given* right to operate over appellant's tracks, and was not exercising any right of appellant in the operation of the car in question."

Appellant seeks to base error on the proposition that it was not liable for injuries caused by the negligent operation of the Beech Grove Traction Company's car, although that car was being operated upon appellant's tracks, *because the operation of that car on appellant's tracks was not pursuant to a voluntary agreement between the two companies but was pursuant to "statute-given right (of the Beech Grove Traction Company) to operate over appellant's tracks."*

The question whether under such circumstances appellant would be liable is not before us for determination because there is no evidence in the record ■ which shows that the Beech Grove Traction Company was *not* operating its cars upon appellant's tracks pursuant to a voluntary agreement or that it *was* so operating its cars under such a "statute-given right." There is evidence in the record which shows that the Beech Grove Traction Company "had a contract for the use of their (appellant's) tracks"; that they were operating under that contract on the date of the collision, and that the contract provided for the

payment of a "flat-rate, based on the number of passengers." We think that evidence, in the absence of any other evidence on the subject, is sufficient to sustain a finding by the jury that the Beech Grove Traction Company *was* operating its cars over appellant's tracks pursuant to a voluntary agreement.

It should be remembered that the question as to whether or not a street railway company, which owns the tracks on which it was running its street car in which a passenger was injured by a collision, is liable for such injury where the collision was caused by the negligence of another carrier in running its cars on the same tracks pursuant to "statute-given right," is not before us and is not decided in this opinion. On this subject see note 74 L. R. A. 1178, 10 Am. Jur. p. 103.

"It has been uniformly held that a carrier is liable to a passenger injured through the operation of its train over its own track, notwithstanding the accident was caused by the negligence of another carrier in running a different train over the same road pursuant to the permission of the carrier owning the same." 10 Am. Jur., p. 103, § 1115 (see notes and authorities cited under said statement and see also note 74 L. R. A. 1178). Said rule of law was recognized and applied in *Maumee Valley Railways and Light Co.* v. *Montgomery* (1910), 81 Ohio St. 426, 91 N. E. 181, wherein the facts were very similar to the facts in the instant case. In that case the court said: "The elements of care involved in the contract of carriage embrace all conditions which affect the passenger's safety. They extend to permitting the use or occupation of the carrier's track, not less distinctly than to the condition of the track, or to the operation of the carrier's owned cars." To the same effect gen-

erally see *Quigley* v. *Toledo Rys. & Light Co.* (1913), 89 Ohio St. 68, 103 N. E. 185.

"The law is well settled that when an injury results from the negligence of unlawful operation of a railway, whether by the corporation to which the franchise is granted or by another corporation which the proprietary company authorized or permits to use its tracks, both the lessor and the lessee are liable to respond in damages to the party (passenger in that case) injured." *West Chicago Street R. Co.* v. *Horne* (1902), 197 Ill. 250, 64 N. E. 331. To the same effect see *Texas & New Orleans Railway Co.* v. *Jones* (1918), (Texas) 201 S. W. 1085.

We have found no Indiana cases in point upon that question. We think it is clear that said instruction numbered 2 is in accord with the trend of authorities in the United States upon that proposition.

Appellant contends further that said instruction numbered 2 is erroneous "in that it permits recovery on negligence of either carrier, whereas the complaint alleges that the injuries were caused by the joint negligence of the two motormen," and appellant cites as authority *Southern Indiana Gas, etc., Co.* v. *Winstead* (1931), 92 Ind. App. 329, 175 N. E. 281, and *Terre Haute, etc., Railway Co.* v. *McCorkle* (1894), 140 Ind. 613, 40 N. E. 62.

The complaint (both the original and the second amended) does not allege that the injuries were caused by the "joint" negligence of the two motormen in the sense that the injuries would not have resulted if the alleged acts of negligence of either of the carriers would not have occurred and therefore neither of said cited cases is in point here. The complaint (both the original and the second amended) alleges concurring negligence on the part of both carriers. When such negligence is

proven under circumstances similar to those in the instant case each carrier is jointly and severally liable for the injuries caused by such concurring negligence. *Union Traction Co.* v. *Alstadt* (1924), 195 Ind. 389, 143 N. E. 879; *Vincennes Traction Co.* v. *Curry, Admr.* (1915), 59 Ind. App. 683, 109 N. E. 62. We hold that said instruction numbered 2 was a proper instruction.

We will now revert to the question as to whether or not the trial court committed reversible error in permitting the second amended complaint to be filed. It should be borne in mind that the original complaint alleged that the injuries to appellee arose out of a "head-on" collision on the single track, and the second amended complaint alleged that the injuries arose out of a collision which occurred when the Beech Grove car was in the act of passing on to the single track from the switch connection with another track.

The evidence established the latter situation and proved facts substantially as alleged in the second amended complaint.

If, under the law, appellant could escape liability in the instant case on the ground that appellee's injuries were caused by the negligent operation of the Beech Grove car, it might be reasonably contended that appellant was harmed by, and that substantial rights were taken from appellant by the filing of said second amended complaint after the verdict was returned (e. g. in that if the second amended complaint had been filed before the jury retired appellant would have had the right to have the jury instructed as to the duty of the motorman of the Beech Grove car to stop his car before reaching the point of collision, and as to the right of appellant's motorman to assume that he would so stop his car, etc., and in that, the second amended

complaint having been filed after the verdict was returned, such right was taken away from appellant).

The record does not disclose that appellant was in any way deceived by the amendment. No proof was made or offered by appellant tending to show that it was in any manner misled or prejudiced by that action of the court. In this connection see *Raymond* v. *Wathen* (1895), 142 Ind. 367, p. 372, 41 N. E. 815; *Laramore* v. *Blumenthal* (1914), 58 Ind. App. 597, 108 N. E. 602, and *C. H. Maloney & Co.* v. *Whitney* (1919), 71 Ind. App. 157, 124 N. E. 496.

In view of the rule of law, which we have discussed, which holds that the track owning carrier is liable for the negligent operation of a street car by another carrier on the owning carrier's tracks, with its permission, and in view of the fact that the evidence which was introduced in this case established facts substantially as alleged in the second amended complaint, we cannot say, in the absence of a showing that appellant was misled or prejudiced by the ruling, that appellant was harmed, or that any substantial rights of appellant were taken from it or that the trial court abused its discretion in permitting the second amended complaint to be filed.

Appellant contends, in support of the assigned cause for new trial, that the verdict is not sustained by sufficient evidence, that there is no evidence in the record which supports "the theory of the complaint on which the case was tried that the cars in question were operated toward or against each other on the same tracks . . . on the contrary the evidence is to the effect that appellant's car was traveling north on one track while the Beech Grove Traction Company car was traveling south and was being brought to a stop on a parallel track (on a switch con-

nection with a parallel track) and the left front corner of the latter car contacted the side of appellant's car as it was passing a (the) switch which connected the parallel track with the track on which appellant's car was traveling." It is sufficient to say, with reference to said contention, that the second amended complaint was substituted for the original complaint, and the sufficiency of the evidence *to sustain the verdict* cannot be tested by determining the sufficiency of the evidence *to sustain the allegations of the original complaint.*

Appellant contends further "there being no evidence whatever in support of the theory of the complaint upon which the case was tried, the verdict . . . is contrary to law because it is contrary to the principle of law that one must recover, if at all, only on the theory of the complaint upon which the cause is tried."

It is sufficient to say with reference to said contention that, for the purpose of this appeal, this cause was tried upon the theory of the second amended complaint and the evidence does sustain the material allegations of that complaint.

The interrogatories which were submitted to the jury and the answers of the jury thereto are as follows:

"Interrogatory No. 1. Did the street cars in question in this case travel on the same single track while approaching to the place where they collided?
"Answer No. 1. No.
"Interrogatory No. 2. Were said two street cars on the same single track as they collided?
"Answer No. 2. No."

Appellant contends, in support of its separate assigned error in overruling the motion for judgment on the answer to the interrogatories, that "the answers to the interrogatories are in irreconcilable conflict with the

general verdict, in that the general verdict was returned on the issues made by the answer in general denial to the original complaint, which was on the definite single theory that appellee suffered injuries in a head-on collision occurring between appellant's north bound street car on which she was a passenger and a south bound Beech Grove Traction Company street car on one of appellant's single tracks, . . . and in that the answers to the interrogatories are that said street cars were not on the same track . . . at the time of collision."

Said contention is in effect a contention that the answers to the interrogatories are in irreconcilable conflict *with the original complaint.* Even if the second amended complaint had not been substituted for the original complaint, the question as to whether or not the answers to the interrogatories are in irreconcilable conflict with such complaint could not have been presented by a motion for judgment on the answers to the interrogatories. *Chicago, etc., Railway Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634. Such question is properly presentable under a motion for new trial (ibid).

For reasons which are apparent from this opinion each of appellant's instructions numbered 3, 4, 5, 7 and 8 were properly refused. No good purpose would be served in discussing any of the questions presented with particular reference to any of said instructions.

The misconduct of counsel for appellee, of which appellant complains, is the statement "we did not want to sue a company that is out of business," which statement was made by appellee's counsel to the jury during the closing argument, and which statement referred to Beech Grove Traction Company. Appellant objected to the remark immediately after it

was made, as being "outside the evidence," and the court immediately instructed the jury not to consider the remark but to entirely disregard it. This court does not condone or approve remarks of counsel in arguments to juries which are "outside the record," but we do not think it is reasonable to infer that the jury, which we must assume was composed of fair-minded citizens, was in any way influenced by such a remark after being instructed by the trial court to entirely disregard it. Therefore if said remark was "outside the record" it was harmless error.

We deem it sufficient to say with reference to the evidence which, appellant contends, was improperly admitted, that said evidence could not have influenced the jury and therefore if the court committed error in admitting it, the error was harmless.

We have read the evidence showing the injuries suffered by appellee. Although we think the jury might reasonably have fixed the damages at a considerably smaller amount the record does not show that the amount of the verdict is the result of malice or prejudice and the amount of the verdict is not so unreasonably large that we may assume that it was the result of malice or prejudice; therefore, we cannot say that the verdict is "excessive."

No reversible error having been shown, the judgment is affirmed.

Curtis, J., dissenting.

NOTE.—Reported in 26 N. E. (2d) 62.