MOORE ET AL. *v.* INDIANA & MICHIGAN ELECTRIC CO.

[No. 28,681. Filed December 5, 1950. Rehearing denied
April 26, 1951.]

310

*John Hawk,* of Greenfield; *R. Stanley Lawton;* and *Ross, McCord, Ice & Miller* (of counsel), both of Indianapolis, for appellants.

*Clarence S. Roots,* of Connersville; *William R. Haymond, George W. Pierce;* and *White & Haymond* (of counsel), all of Muncie, for appellee.

EMMERT, J.—This is an appeal from an interlocutory judgment and order overruling appellants' objections to the complaint to condemn a right of way for a high voltage transmission line over certain lands of appellants, and the appointment of appraisers to assess damages for the taking. The judgment also gave the appellee a right of ingress and egress from a public road to the transmission line right of way.

Before the closing of the evidence at the hearing appellee, by leave of the trial court, amended its complaint by interlineation as to the description of certain real estate, and appellants assert this was error. However, from other descriptions set out in the complaint, and from a map which was attached thereto as an exhibit showing the location of the lands and the transmission line and three towers, it is apparent that the appellants were fully informed by the record concerning the easement to be taken

and the lands to be affected. The trial court did not abuse its discretion in permitting the amendment of the complaint to conform to the evidence at the hearing, and there has been no showing of any abuse of discretion or prejudice of any substantial rights of appellant. *Indianapolis Railways, Inc.* v. *Boyer* (1940), 108 Ind. App. 161, 26 N. E. 2d 62; *C. H. Maloney & Company* v. *Whitney* (1919), 71 Ind. App. 157, 124 N. E. 496.

Appellants' other assertions of error arise under their objection number 8 which is as follows:

"Defendants say that plaintiffs have not complied with the law in that it has not made a good faith effort to purchase the right, privilege, easement and authority herein before described in said complaint and sought to be condemned and appropriated."

Under the construction this court has given § 3-1701, Burns' 1946 Replacement, "An effort to purchase the property sought to be acquired is a condition precedent to the right to maintain an action to condemn. *Slider* v. *Indianapolis, etc., Traction Co.* (1908), 42 Ind. App. 304, 85 N. E. 372, 85 N. E. 721. There can be no compliance with this requirement unless the subject of negotiation is clear to both parties, since a meeting of the minds is essential to the existence of a valid contract." *Indiana Service Corporation* v. *Town of Flora* (1941), 218 Ind. 208, 213, 31 N. E. 2d 1015, 1017. The court held that if the condemnor, after making an offer to acquire a particular property or a specific part thereof, undertook to condemn other and different property than that it offered to purchase, there was no effort to purchase for the use intended under the statute. The inability to agree with the owner is a jurisdictional fact to be found by the court. 20 C. J. 898.

The failure to perform a condition precedent is cause for abatement of an action. 1 C. J. 110, 111. See *Root* v. *State* (1934), 207 Ind. 312, 320, 192 N. E. 447. Since the decision in *Joint County Park Board* v. *Stegemoller* (1950), 228 Ind. 103, 89 N. E. 2d 720, objections which are in abatement of the action may be joined with other objections which present matters in bar.

There was ample evidence that appellee's agents did make a good faith effort to purchase the easement involved. During the time the appellee was seeking to purchase the easement, its agent showed appellants a map of their real estate which had drawn thereon the center line of the 100 foot easement for the transmission line and the location of three transmission towers. Appellee sought also to purchase an easement for telegraph and telephone wires, and the right of ingress and egress "for the purpose of patroling the line, of repairing, renewing or adding to the number of said towers, structures, fixtures and wires, and for doing anything necessary or useful or convenient for the enjoyment of the easement."

Appellants by their brief contend that (1) appellee had no right to take an easement for a telephone and telegraph line along with the high voltage transmission line, and (2) it had no right to take a right of ingress and egress from the transmission line over appellant's lands to a public highway. The transmission, delivery and distribution of electric current to towns, cities and to the public in general is a public use. *Shedd* v. *Northern Indiana Public Service Co.* (1934), 206 Ind. 35, 188 N. E. 322. In *Joliff* v. *Muncie Electric Light Co.* (1914), 181 Ind. 650, 105 N. E. 234, this court held that an electric power company such as the appellant, had the in-

cidental power to operate a telephone line for its own use on the right of way it sought to condemn for a high voltage electric transmission line. It does not appear from the evidence as to whether the right to construct and operate telephone or telegraph wires was to be for the appellee's own use, or for the use of the public. It is not necessary here to decide whether the operation of the telephone and telegraph lines for the use of the public would be ultra vires the corporate powers of the appellee, or a use for which the appellee had no right to condemn. Objection number 8 does not question the nature of the use, and there was no variance between the offer to purchase and the easements sought to be condemned by the complaint.

Nor is there any merit in appellants' contention that the appellee had no right to condemn a right of ingress and egress over appellants' land from the public highway to the transmission line right of way, even assuming that this question had been properly presented by way of a specific objection. The right of way for a transmission line includes the right to maintain and service the line. *Aycock* v. *Houston Light & Power Co.* (1943), Tex. Civ. App., 175 S. W. 2d 710. Appellants' lands were entirely surrounded by lands of other parties except where state road No. 44 ran along a part of the south boundary. By operation of law the appellee would have a right of way of necessity from the transmission line over appellants' land to the public highway in order to repair and maintain the line. The contention of appellants that the appellee should use the transmission line right of way over other lands to obtain access to the highway is untenable. As between the parties to this appeal lands of other parties over which an easement existed were strangers, and a "right of way of necessity cannot arise against the lands of a stranger." *State ex rel.*

*McNutt* v. *Orcutt* (1936), 211 Ind. 523, 199 N. E. 595, 7 N. E. 2d 779. Every reason of public policy in favor of ways of necessity for ingress and egress over the grantor's lands where he has conveyed inaccessible lands to another apply to the right of way in this case, and the fact that the transfer of title is accomplished by a judgment is no reason for not extending the rule. See *Lamar County* v. *Elliott* (1914), 107 Miss. 841, 66 So. 203; *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 48 N. E. 1031, 40 L. R. A. 105; 19 C. J. 925, 926, § 119.

Judgment affirmed.

NOTE.—Reported in 95 N. E. 2d 210.