GEORGE DZUR, ET AL.; ALEXANDER CORAZZO ET AL.; COUNTRY ESTATES, INC. ET AL. *v.* NORTHERN INDIANA PUBLIC SERVICE CO.

[No. 870S182, No. 870S183, No. 870S184. Filed February 16, 1972. Consolidated for purposes of opinion.]

*Duane W. Hartman, Glenn J. Tabor, Blachly, Tabor & Bozik,* of Valparaiso, for appellants.

*William H. Eichhorn, James L. Kennedy, Schroer, Eichhorn & Morrow,* of Hammond, for appellee.

GIVAN, J.—These cases were commenced as three separate condemnation actions brought by the appellee. The cases have been consolidated on the Court's own motion for the purposes of this opinion. This is the second appeal by the appellants between the same parties, concerning the same subject matter. See *Country Estate, Inc.* v. *Northern Indiana Public Service Co.* (1970), 254 Ind. 108, 258 N. E. 2d 54, 21 Ind. Dec. 275. In our prior decision we reversed the trial court and remanded each case for further proceedings for the reason that the facts stated by the appellee demonstrate that 50 feet of a proposed 200 foot right-of-way was for a remote and speculative use and, therefore, was unlawful as being outside the scope of appellee's statutory authority to exercise the power of eminent domain.

The appellee has filed a motion to dismiss or affirm in which it first claims the appeals should be dismissed because the appellants have failed to file an appeal bond within the 10 days specified by the statute. Burns Ind. Stat., 1968 Repl., § 3-1705. It is appellants' contention the bond should have been filed within 10 days of July 29, 1970, but was not filed until September 21, 1970. Appellant cites no authority for his position. However, the language of the statute requires us to make the following observations:

Pursuant to Trial Rule 62(D)(1) and Appellate Rule 6(B) no appeal bond is necessary to perfect an appeal from an interlocutory order, but in order to stay an execution of judgment a supersedeas bond must be given and approved by the appropriate court. An appeal such as in the case at bar is in the nature of an appeal from an interlocutory order, since if the appellant should have failed to take this appeal any claimed error would be waived. *Whitlock* v. *Public Service Co. of Ind., Inc.* (1959) 239 Ind. 680, 159 N. E. 2d 280, 161 N. E. 2d 169; *Thiesing Veneer Co., Inc.* v. *State* (1970), 254 Ind. 699, 262 N. E. 2d 382, 23 Ind. Dec. 12.

The bonding requirement of the above statute is not jurisdictional since no appeal bond is necessary under our rules from interlocutory orders. The Federal Courts in interpreting the similar Federal Rule 73(d) (now Federal Rule of Appellate Procedure 8), which rule was the basis for our Trial Rule 62(D)(2) have held the failure to provide bond is not jurisdictional. *W. H. Lailer & Co.* v. *C. E. Jackson Co.* (D. Mass. 1948), 75 Fed. Supp. 827. Failure to comply with the rule may be grounds for dismissal, but the matter is within the discretion of the Court of Appeals. *Hargraves* v. *Bowden* (9th Cir. 1954) 217 Fed. 2d 839; *Markharm* v. *Kallimanis* (9th Cir. 1945) 151 Fed. 2d 145, certiorari denied 327 U. S. 788, 66 S. Ct. 806, 90 L. Ed. 1014. In exercising its discretion the matter to be considered by the court is whether the neglect to file the bond has prejudiced the opposing party. If no prejudice is shown the Fed-

eral Courts permit the filing of bond up to the time of final judgment. *Sewerage and Water Board of New Orleans* v. *The Cumulus* (5th Cir. 1949), 172 F. 2d 102. An examination of the record in this case does not disclose nor does the appellee contend that it was in any way prejudiced by the late filing of the bond required by the statute. We, therefore, hold that inasmuch as appellee was not prejudiced and the bond has in fact been filed by appellant prior to decision by this Court, this appeal should not be dismissed for that reason.

Appellee has also claimed this appeal should be dismissed because appellants are seeking to raise the same questions which they raised in the prior appeal. We dealt with this same question in the case of *Meyer* v. *NIPSCO,* a companion case which is also being handed down by this Court today. The statements made in that case on the same subject are equally applicable to the case at bar. Appellee's motion to dismiss is, therefore, denied.

In these actions the appellee sought to appropriate an easement of 200 feet in width across the property of each of the appellants. The evidence in the record discloses that the appellee has immediate need for a 150 foot right-of-way for the construction of a 345 KV transmission line; that it was seeking to acquire an additional 50 feet in width because of the possibility of the need in the future for the construction of a 138 KV transmission line.

At the time this cause was remanded the trial court permitted the appellee to amend its complaint and proposed to proceed with the condemnation actions from that point. It is appellants' position that the trial court erred in proposing to go forward with the condemnation actions without first requiring the appellee to make a new offer to purchase a 150 foot right-of-way from the appellants. Burns Ind. Stat., 1968 Repl., § 3-1701 states in pertinent part as follows:

". . . Before proceeding to condemn, such person, corporation or other body [i.e., one having the right to exercise the power of eminent domain] may enter upon any land for the purpose of examining and surveying the property sought to be appropriated or right sought to be acquired; and shall make an effort to purchase for the use intended such lands, right-of-way easement or other interest therein or other property or right. . . . "

This requirement of making an effort to purchase the property sought to be condemned is a condition precedent to the right to maintain an action in condemnation. *Wampler* v. *Trustees of Indiana University* (1961), 241 Ind. 449, 172 N. E. 2d 67; *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015. The inability to agree with the owner of the real estate is a prerequisite fact which must be found by the trial court. *Moore* v. *Indiana & Michigan Electric Co.* (1950), 229 Ind. 309, 95 N. E. 2d 210.

In the case at bar the only offer to purchase made by the appellee was for a 200 foot right-of-way. It is quite conceivable that the change in width of the right-of-way might have considerable effect on the willingness of the appellants to accept an offer to purchase such right-of-way.

We hold that upon remand of this case after the first appeal it was necessary for the appellee to make an offer to the appellants to purchase a right-of-way, the description of which coincided with the description in any subsequent complaint for condemnation. Then before proceeding with the condemnation action, the appellee would have the burden to show the court that there had been a failure of agreement with the appellants to purchase the right-of-way so described. In the case of *Indiana Service Corp.* v. *Town of Flora, supra,* this Court stated at pages 213, 214:

"An effort to purchase the property sought to be acquired is a condition precedent to the right to maintain an action to condemn. *Slider* v. *Indianapolis, etc., Traction Co.* (1908), 42 Ind. App. 304, 85 N. E. 372, 85 N. E. 721.

There can be no compliance with this requirement unless the subject of negotiation is clear to both parties, since a meeting of the minds is essential to the existence of a valid contract. If a municipality makes an offer to acquire a particular property, or a specific part thereof, which offer is rejected by the owner of the utility, and if the municipality then undertakes to condemn other or different property than that which it has offered to purchase, it cannot be said that an effort was made to purchase that which it is sought to condemn. . . . "

The Court further stated at page 215:

"It is conceivable that if the offer to purchase had related to the property which is the subject of the condemnation proceeding, the offer might have been accepted, in which event this litigation would not have been necessary."

These principles are applicable to the case at bar. We, therefore, hold that before appellee can proceed in these cases with its condemnation action, it must first make offers to appellants to purchase an easement 150 feet in width. In the event appellants reject these offers, it may then proceed with the condemnation actions.

These causes are reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 563.